## A. J. DOUGLASS v. J. B. GREGG AND WIFE.

HOMESTEAD. *Defendants contracted prior to the Act of* 1868. In a contest between a judgment creditor who was seeking satisfaction out of his debtor's land, in which the debtor claimed a homestead, under the homestead law of 1868, tha the creditor, whose judgment was rendered after the law went into operation, could, by proof, show that the liability on which the judgment was based existed prior to that time, and thus defeat the homestead.

### FROM TIPTON.

Appeal from the Chancery Court.   HENRY J. LIVINGSTON, Chancellor.

SMITH & LAUDERDALE for complainant.

P. J. SMITH for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Douglass *v.* Gregg.

In 1867 Gregg sold to Jackson, intestate of Douglass, a mule, and received payment therefor. Afterwards, the mule was recovered from Jackson's administrator by a better title, and thereupon, in September, 1868, Douglass, as administrator of Jackson, recovered a judgment against Gregg, upon his implied warranty of title, for two hundred dollars, on which execution issued, and was returned nothing found.

On the 2d of October, 1871, Douglass, as administrator, filed his bill against Gregg and wife to reach the equitable title of Gregg in fifty acres of land, which he had morgaged to Walton to secure certain liabilities of Gregg, on which Walton and others were bound for Gregg, but all which had been paid off by Gregg.

The legal title to the fifty acres was divested out of Walton's heirs by a decree rendered in October, 1871, and vested in Gregg, and afterwards in Montgomery, by conveyance from Gregg and wife, dated in 1872.

In April, 1873, complainant filed his amended bill, in which he alleged that the contract out of which complainant's judgment of two hundred dollars arose was made in 1867, and, therefore, that Gregg had no right to set up his homestead exemption, under the act of March, 1868.

Gregg and wife answered the amended bill, insisting on their homestead rights, and claiming that complainant's judgment was rendered after the passage of the homestead law of 1868, and that he had no right to interpose his liability under the contract of sale of

the mule, in 1867, as a liability existing at that time.

The Chancellor held that complainant fixed his lien upon Gregg's interest in the land by filing his original bill, in October, 1871, and that this lien would prevail against Gregg, and also against Montgomery, who took the conveyance from Gregg after complainant's bill was filed. He held, also, that when Gregg sold the mule to complainant's intestate, in 1867, he became bound upon an implied warranty of title, and as it was afterwards determined that Gregg had no title, it followed that Gregg was bound by his contract of sale to refund to complainant's intestate, upon his warranty of title, the amount of the purchase money; and that this was a subsisting liability vesting in Gregg when the homestead law passed, and that the same was not affected by the homestead law, but that complainant was entitled to have the lien enforced by a sale of the land.

We think there is no error in the conclusions of the Chancellor upon the facts, and we affirm his decree.