<hr>

### In re BOYD.

(District Court, N. D. Iowa, E. D. April 3, 1903.)

1. BANKRUPTCY—EXEMPT PROPERTY—STATE STATUTES.
   Bankr. Act, § 6, Act July 1, 1898, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], declaring that the act shall not affect the allowance to bankrupts of the exemptions prescribed by the law of the state where the bankrupt has his domicile, did not enlarge the exemptions available to the bankrupt under the state laws, nor prevent the enforcement of Code

Iowa, § 4015, providing that none of the exemptions prescribed in the chapter should be allowed against an execution issued for the purchase money of property claimed to be exempt.

**2. SAME—ESTOPPEL OF BANKRUPT.**

Code Iowa, §. 4015, provides that none of the exemptions prescribed by the chapter should be allowed against an execution issued for the purchase money of property claimed to be exempt, and on which such execution is levied. *Held* that, where a bankrupt invoked the benefit of the bankrupt act, and thereby precluded a seller of exempt property from obtaining a judgment and levying execution thereon, as required by such section, he was estopped to object that the court of bankruptcy had no jurisdiction to order that such property be sold, and the proceeds applied to the unpaid purchase price, on the ground that no judgment had been recovered or execution levied.

**8. SAME—SALE OF EXEMPT PROPERTY—APPLICATION—BY WHOM MADE.**

Since no title to exempt property passes to the trustee in bankruptcy, creditors having claims for unpaid portions of the purchase price of such property, claiming the right to have it sold, and the proceeds applied to such claims, are the proper persons to present such question, and not the trustee in bankruptcy.

Submitted on exceptions to ruling of referee, holding certain personal property to be exempt to the bankrupt.

H. T. & C. W. Reed, for creditors.

C. C. Upton, for bankrupt.

SHIRAS, District Judge. In this case the bankrupt seeks to have set apart to him as exempt property two plows and a set of harness purchased by him from one B. R. Evans, and a lumber wagon bought from one D. A. Lyon. These parties appeared before the referee, filing separate petitions, wherein they averred that the articles in question had been sold by them on credit to the bankrupt, that a large part of the purchase price remained unpaid, and that the bankrupt could not, under the provisions of the statutes of Iowa, hold the property exempt against their claims for the purchase price, and asking that the trustee be ordered to sell the articles in question, and, after paying the costs of sale, to apply the balance realized from such sale to the payment of the claims of the named creditors. Upon the hearing before the referee the parties stipulated in writing that the plows and harness claimed as exempt had been purchased by the bankrupt from B. R. Evans, and had not been paid for, and that the lumber wagon had been purchased from D. A. Lyon, and, with the exception of one payment of $10, the price agreed upon had not been paid. The referee held that the bankrupt was entitled to have this property set apart to him as exempt, and, the creditors excepting to this ruling, the question has been certified to the court for review.

It is not questioned that, if the property had been fully paid for, it would be exempt from the claims of creditors under the provisions of section 4008 of the Code of Iowa, but by section 4015 of the Code it is declared that "none of the exemptions prescribed in this chapter shall be allowed against an execution issued for the purchase money of property claimed to be exempt, and on which such execution is levied," and the question for consideration is whether effect can be given to this section of the Code in cases of bankruptcy. According to the state-

ments of counsel, the ruling of the referee was based upon the thought that the benefit of section 4015 was available only to one who had secured a judgment for the unpaid purchase price, and had caused an execution for the collection of the judgment to be levied upon the property. Section 6 of the bankrupt act (Act July 1, 1898, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), declares, in substance, that the act shall not affect the allowance to bankrupts of the exemptions prescribed by the law of the state wherein the bankrupt has his domicile. It certainly was not the intent of this section to enlarge the exemptions available to the bankrupt under the law of the state. It is clear that, if the bankrupt had not invoked the benefit of the bankrupt act, the property he now claims to be exempt to him would have been liable to be subjected to the payment of the unpaid portions of the purchase price. True, the mode which the creditors would have been compelled to pursue in order to subject the property to the payment of their claims would be to obtain judgment, and cause a levy of execution on the property; but the substance of the right secured by section 4015 of the Code of Iowa is that no property can be held exempt against the debt due for the purchase price, although this right can only be enforced in the state court through the form of a judgment and levy of execution. By instituting the proceedings in bankruptcy, the debtor has brought this property into the custody and under the control of this court, acting as a court in equity. The bankrupt now asks the court to make an order setting apart this specific property to him as exempt under the law of the state. The creditors, B. R. Evans and D. A. Lyon, pray the court for an order declaring the property not exempt as against their claims, and directing the sale thereof for their benefit.

It is a familiar rule that, when property comes under the control and custody of a court, all parties claiming interests or rights therein or thereto will be permitted to assert such rights before the court having custody of the property. It is equally well settled that in such cases regard will be paid and protection be granted to the substance of the right asserted, even though the court may not be able to adopt and follow the form of the remedy which, under the statutes of the state, would be alone open to the claimant if the property was not in the custody of the court. Thus, in Krippendorf v. Hyde, 110 U. S. 276, 280, 4 Sup. Ct. 27, 28, 28 L. Ed. 145, it was said:

"The only legal remedy which can be said to be adequate for the purpose of protecting and preserving his right to the possession of his property was an action in replevin. Of this remedy at law in the state court he was deprived by the fact that the proceedings in attachment were pending in a court of the United States, because the property attached, being in the hands of the marshal, is regarded as in the custody of the court. This was the point decided in Freeman v. Howe, 24 How. 450 [16 L. Ed. 749], the doctrine of which must be considered as fully and finally established in this court. * * * For if we affirm, as that decision does, the exclusive right of the Circuit Court in such a case to maintain the custody of property seized and held under its process by its officers, and thus to take from owners the ordinary means of redress by suits for restitution in state courts, where any one may sue, without regard to citizenship, it is but common justice to furnish them with an equal and adequate remedy in the court itself which maintains control of the property; and, as this may not be done by original suits on

account of the nature of the jurisdiction as limited by differences of citizenship, it can only be accomplished by the exercise of the inherent and equitable powers of the court in auxiliary proceedings incidental to the cause in which the property is held, so as to give to the claimant, from whose possession it has been taken, the opportunity to assert and enforce his right. And this jurisdiction is well defined by Mr. Justice Nelson, in the statement quoted, as arising out of the inherent power of every court of justice to control its own process so as to prevent and redress wrong. * * * So the equitable powers of the courts of law over their own process to prevent abuse, oppression, and injustice are inherent and equally extensive and efficient, as is also their power to protect their own jurisdiction and officers in the possession of property that is in the custody of the law; and when, in the exercise of that power, it becomes necessary to forbid to strangers to the action the resort to the ordinary remedies of the law for the restoration of property in that situation, as happens when otherwise conflicts of jurisdiction must arise between courts of the United States and of the several states, the very circumstances appear which give the party a title to an equitable remedy because he is deprived of a plain and adequate remedy at law."

Thus is declared the principle that is decisive of the question under consideration. The bankrupt, by instituting proceedings in bankruptcy, placed his property within the custody and control of this court. He now asks the court to set apart to him as exempt certain articles of personal property. Two of his creditors appear, and show to the court that the articles in question were sold by them on credit to the bankrupt, and have not been paid for, and that under the state law the articles remain liable for the unpaid portions of the purchase price. The bankrupt answers thereto that under the state statute the only remedy open to the creditors by which they can enforce their rights against the property is by obtaining judgments and levying executions on the property. To this it is replied that the bankrupt, by his own act in filing his petition in bankruptcy and procuring the adjudication in bankruptcy, has put it out of the power of the creditors to obtain judgments at law against him, and, the property being within the custody of the court, the only remedy now open to them is to invoke the protection of this court. Under these circumstances, it is not open to the bankrupt, while admitting—as he is compelled to do—that the state statute does not exempt this property from liability for the unpaid purchase price thereof, to assert that by bringing the property into the custody of this court and obtaining the adjudication in bankruptcy, he has defeated the rights of the creditors by barring them from following the remedy provided for in the state statute. To justify this court in setting aside this property to the bankrupt as exempt, it must appear that it is exempt under the provisions of the law of Iowa. Under that law the creditors could subject the property to the payment of their claims, the method of so doing being the procuring judgments at law against the debtor and the levy of executions on the property. This method of enforcing the rights of the creditors has been barred to them by the act of the debtor in procuring himself to be adjudged a bankrupt, and in placing the property within the control of this court; but as held in the cited case of Krippendorf v. Hyde, that is the very reason why this court is in duty bound to furnish an equivalent remedy, which can be readily done by ordering the trustee to sell the articles claimed

as exempt, and, after paying the costs of sale, to apply the balance left to the payment of the claims of the named creditors, B. R. Evans and D. A. Lyon, any surplus left to be paid to the bankrupt, as these articles are exempt, under the state statute, from the claims of the general creditors.

Upon the question of the proper mode of presenting questions of this character, it seems clear that they should be presented by the party specially interested, rather than by the trustee. As against the general creditors, the property is exempt, and the bankrupt is entitled to have the same assigned to him as exempt, except as against the claim of the person from whom the property was purchased on credit. If such creditor does not, in proper time and while the property is in the custody of the court, assert his claim, and invoke the protection of the court, it will be assumed that he waives his right, and, if the property is set apart as exempt, and is delivered to the bankrupt, so that in fact it passes from the custody of the court, it is difficult to see upon what theory the court can afterwards assert a jurisdiction over the same.

No title to exempt property passes to the trustee, and, if property is exempt as against the creditors generally, it cannot be well held that a title thereto vests in the trustee simply because a single creditor may have the right to subject the property to the payment of his claim. This right is not a title to the property, nor a lien thereon, but is simply a right or privilege personal to the creditor owning the claim for the unpaid purchase price, which certainly does not vest in the trustee, and therefore the same should be presented by the creditor in his own name.

The referee is therefore directed to enter an order upon the application of the bankrupt asking that this property be set aside as exempt, that the same are so set apart as exempt against the claims of the creditors in general, but subject to the claims of B. R. Evans and D. A. Lyon, for the purchase price thereof, and upon the several petitions of said B. R. Evans and D. A. Lyon orders be entered that the trustee make proper sale of the property in question, the proceeds to be applied to payment of costs of sale, to the payment of the amounts due for the purchase price of the several articles, and the surplus, if any, to be paid to the bankrupt.

As the bankrupt and the two named creditors are alone interested, any arrangements they may make to avoid costs of sale, or as to mode of sale, will be approved.