## GREGORY COMPANY v. LEWIS J. CALE.[1]

November 3, 1911.

Nos. 17,162—(18).

**Creditor's election of remedies.**

Where property, though exempt from the general debts and obligations of the owner, is subject to the payment of a particular debt, the creditor has the election of remedies to subject the same to the payment of his claim: (1) He may proceed in equity, setting up all the facts, and have the amount of the debt decreed a specific lien upon the property; (2) he may proceed by attachment; or (3) by an execution issued upon a judgment in an ordinary action for the recovery of the debt.

**Bankrupt — judgment enforceable against homestead.**

The entry and docketing of a judgment against a bankrupt, pending the bankruptcy proceedings and before the discharge of the bankrupt, becomes a valid lien upon real property of the bankrupt, which by reason of the homestead exemption at the time of the adjudication in bankruptcy did not pass to the bankrupt estate, but which was liable to the payment of the

1 Reported in 133 N. W. 75.

debt represented by the judgment, because not a part of the homestead when the debt was created; the homestead exemption having been enlarged by statute subsequent to the creation of the debt.

#### Same — discharge of bankrupt.

The subsequent discharge of the bankrupt does not in such a case annul or extinguish the judgment, except so far as it imposes a personal liability upon the bankrupt.

#### Special execution.

The judgment is a valid lien upon the particular property, and may be enforced by special execution.

#### Same — evidence.

Though the judgment record does not disclose that particular property is liable for its payment, that fact may be established by extrinsic evidence on application for a special writ of execution, or other proceeding, when the right to resort to the land is called in question.

Action in the district court for Crow Wing county to recover $3,000, in which judgment was entered by default. In October, 1909, defendant gave notice of motion to vacate the judgment and to allow defendant to answer, or for an order perpetually enjoining further proceedings on the judgment. Plaintiff gave notice of a motion for an order authorizing the clerk of court to issue a special execution upon the judgment directing the sheriff of the county to levy upon and sell certain described property, upon execution, to satisfy the judgment. From an order, McClenahan, J., directing the clerk to issue an execution upon the judgment directed to the sheriff and authorizing him to levy upon and sell only the real property described in the order, and providing that the form of execution should be approved by the court, and the execution thereunder should be in the manner provided by statute, defendant appealed. Affirmed.

W. W. Bane and Lind, Ueland & Jerome, for appellant.

A. E. Boyesen, H. H. Flor and Leon E. Lum, for respondent.

BROWN, J.

In August, 1905, defendant for value received made and delivered to plaintiff his promissory note whereby he promised to pay

plaintiff the sum of $3,420.73. At that time defendant was and still is the owner of three certain lots in the city of Brainerd, designated in the record as lots 7, 8, and 9 of block 43. Under the then existing statutes of the state lot 9 was exempt to defendant as his homestead; but lots 7 and 8 were subject to and liable for the payment of the indebtedness created by the promissory note just mentioned. The statute then provided for an exemption of a tract of land not exceeding one lot, and as defendant resided upon lot 9 it constituted his homestead. No part of the note was ever paid, except $420.73. In May, 1908, a petition in bankruptcy was filed against defendant, and on June 11, 1908, he was in the due course of procedure duly adjudged a bankrupt. By an amendment to the homestead exemption statute by R. L. 1905, § 3453, the debtor's homestead was enlarged to a tract of land not exceeding one-fourth of an acre, and lot 9 and a part of lots 7 and 8 were claimed by defendant in the bankruptcy proceedings as his homestead. Under the amended statute the bankruptcy court set the same aside to him accordingly.

In May, 1908, and before defendant was adjudged a bankrupt, plaintiff commenced an action against him to recover upon the promissory note mentioned. The summons was duly served; but he failed to appear in the action, or to apply for a stay of proceedings therein pending the proceedings in the bankruptcy court, and on August 26, 1908, a default judgment was duly rendered against him in the district court of Crow Wing county for the amount due upon the note, with interest and costs, amounting in all to the sum of $3,218.25. The judgment so rendered was subsequently duly docketed. Plaintiff thereafter presented the claim represented by the promissory note to the bankruptcy court, and the full amount thereof was allowed as a claim against the estate.

Subsequently, however, on a rehearing, the order was modified by allowing the sum of $150 only, the theory of the modification being that a part of the land set aside to defendant as his homestead was subject to the payment of the claim, it having been contracted before the change in the homestead by R. L. 1905, and, since plaintiff had acquired a lien thereon by the entry and docketing of its judgment, resort should be had to that, and not to the general prop-

erty of the estate; the land so subject to payment of the claim being of the value of $3,000. This order of modification was affirmed on appeal to the Federal district court. Defendant thereafter in the due course of procedure received his discharge from the bankruptcy court as provided for by law.

Defendant then moved the court below for an order vacating the judgment so entered in plaintiff's favor upon the promissory note, and for leave to interpose in defense to the action his discharge in bankruptcy, and, further, for an order perpetually restraining the enforcement of the judgment. Plaintiff presented a counter motion, based upon the facts stated, for an order directing the issuance of a special execution for the sale of that part of the lots which was included in the homestead assigned to defendant by the bankruptcy court, but which was not exempt as to plaintiff's claim. The court denied the motion to set the judgment aside, granted plaintiff's motion for a special execution, particularly designating the land to be sold thereunder, but ordered the enforcement of the judgment enjoined, except as to the particular land. Defendant appealed.

It is contended by defendant (1) that his discharge in bankruptcy annulled and discharged plaintiff's judgment, and that its enforcement should be perpetually enjoined; and (2) that the judgment did not create a lien upon the nonexempt land, because at the time of its entry the whole tract was exempt, and that, if plaintiff had a remedy for the enforcement of its claim against the same, it should have been asserted in a proceeding in equity before the discharge in bankruptcy, and, not having so proceeded, plaintiff has no further redress. We are unable to sustain either of these contentions.

1. Whether the judgment was annulled by the discharge in bankruptcy depends entirely upon the question whether it became, when docketed, a valid lien upon that part of the homestead assigned in the bankruptcy proceedings which was subject to the payment of this particular debt. If it so became a valid lien, the discharge in bankruptcy extinguished it only so far as concerned defendant's personal liability. The right to enforce the judgment against the specific property, not a part of the bankrupt estate, was not thereby extinguished or discharged. If no lien was created,

then the rule laid down in Cavanaugh v. Fenley, 94 Minn. 505, 103 N. W. 711, 110 Am. St. 382, would apply. So the first contention of defendant depends upon the existence or nonexistence of a lien, and requires no further mention at present.

2. Whether the judgment became a lien upon the nonexempt land must be determined from our statutes upon the subject, and without reference to the bankruptcy proceedings in the federal court. Plaintiff brought its action in the state court, as it had the right to do. It was an ordinary action at law for the recovery of money, and though it might have been stayed by proper application pending the bankruptcy proceedings, and plaintiff thus put to an equitable action to reach the nonexempt land, no stay was applied for, and the action proceeded to judgment. It did not, of course, operate upon or become a lien upon any of the property of defendant which passed upon the adjudication in bankruptcy to the bankrupt estate; nor did it create a personal liability against defendant, continuing after his discharge. But that it became a valid lien upon that part of the defendant's land which did not pass to the bankrupt estate because a part of the homestead under the then existing statutes, that part of the present homestead which was subject to the payment of the debt when created, seems to us quite clear.

Section 4272, R. L. 1905, provides that a judgment for the recovery of money from the time of docketing the same shall be a lien upon all real property in the county where docketed then or thereafter owned by the judgment debtor. This court has construed the statute as creating a lien upon every estate, legal or equitable, held or owned by the debtor, at the time of or subsequent to the rendition of the judgment. 2 Dunnell, Digest, 169, and cases cited. This land was subject to the payment of this particular debt. The legal title at the time the same was contracted, and when the judgment was recovered, stood in the name of defendant; and it was not necessary that the judgment affirmatively disclose the right to plaintiff to resort thereto for the collection of the amount due.

The creditor has an election of remedies in situations like that here presented—that is, where property which is exempt from general debts, but liable for particular obligations, for instance, the

purchase price, work, labor, and material furnished in its construction and repair; and he may proceed (1) in equity, setting forth in his complaint all the facts, and demand a lien upon the particular property; (2) he may proceed by attachment; or (3) by an ordinary action for the recovery of money. Langevin v. Bloom, 69 Minn. 22, 71 N. W. 697, 65 Am. St. 546; Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 Am. St. 354; Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078; Douglass v. Gregg, 66 Tenn. 384; Durham v. Bostick, 72 N. C. 353, 357; Bills v. Mason, 42 Iowa, 329. The same result follows either remedy, namely, the appropriation of the property charged to the payment of the debt. And it would seem in this state, where all forms and distinctions between law and equity are abolished, to be immaterial which method is pursued.

The lots here involved, and not a part of the original homestead of defendant, are severable from lot 9, his homestead under the former statute. Separate buildings stand upon each tract, though they are, perhaps, joined together. But this latter fact in no way changes the rights of the parties. The nonexempt lots are of the value of $3,000, and it is clear that a statute increasing the homestead right to that extent, if that be the test of the constitutionality of the statute, would necessarily, as a matter of law, prejudice the rights of existing creditors and render the statute so increasing it invalid as to them, whether the rights be expressly protected by the statute changing the law or not. Dunn v. Stevens, 62 Minn. 380, 64 N. W. 924, 65 N. W. 348; Waples, Homestead Exemptions, 277, 278.

It is not necessary in a case of this character, where the creditor elects to proceed at law by an ordinary action for the recovery of money, that the judgment record disclose the fact that particular property is subject to the payment of the claim. That fact may be established in subsequent proceedings by extrinsic evidence. Nor do we apprehend from this holding any particular difficulty, not now experienced, in the examination of abstracts of title to land. Prima facie a docketed judgment is a lien upon all land standing in the name of the debtor. The homestead, however, is exempt; but what land constitutes the homestead must be ascertained by inquiry. It

115 M.—33.

is not disclosed by the record. When inquiry brings to light the homestead, then further inquiry will disclose whether it is subject to the payment of the particular judgment.

The case of Groves v. Osburn, 46 Ore. 173, 79 Pac. 500, cited and relied upon by defendant, is not in point. There was no action or other proceeding in that case looking to the enforcement of the debt for which the homestead was liable until after the discharge of the bankrupt. The discharge extinguished the debt, and there was no basis for the subsequent action to enforce the claim. In the case at bar plaintiff proceeded before the discharge and obtained a lien upon the property. This distinguishes the two cases.

It follows that since plaintiff's judgment became a valid lien upon the property, and the remedy adopted for its enforcement is within the rules of procedure in such cases, the learned trial court properly disposed of the case.

Order affirmed.