## PETER NADEAU v. ROBERT A. BALL.[1]

December 13, 1929.

No. 27,497.

*Moritz Heim,* for appellant.

*Kellogg, Morgan, Chase, Carter & Headley* and *Warren S. Ege,* for respondent.

PER CURIAM.

Appeal by defendant from an order finding plaintiff's judgment against him a lien upon his homestead and directing that a special execution issue directing the sale of it to satisfy the judgment.

Plaintiff's claim is that of a laborer for labor performed for defendant and so the latter's homestead is not exempt. Const. art. 1, § 12. The very contract under which the service was performed, and now claimed by defendant to have made plaintiff a tenant on shares of a farm, appears from the record to have fixed the relationship as that of master and servant and to have provided that "under no circumstances was plaintiff to be considered as a tenant in any nature whatsoever." That was an allegation of defendant's answer admitted by the reply.

[1]Reported in 228 N. W. 168.

Beyond that the case requires no discussion. Plaintiff's lien was not affected by defendant's voluntary bankruptcy proceeding, instituted about a month after the docketing of the judgment, and the lien may be enforced by either special or general execution. Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L.R.A.(N.S.) 156.

Order affirmed.