# WALLACE T. BRUCE, INC. v. HAROLD VERNON NAJARIAN AND ANOTHER.

81 N. W. (2d) 282.

February 21, 1957—No. 36,912.

*Carl F. Dever,* for appellant.
*Samuel Saliterman* and *James P. Larkin,* for respondents.

NELSON, JUDGE.

Plaintiff, a Minnesota corporation, commenced its action against defendants November 21, 1955, to recover for labor, work, and material furnished during the month of November 1953 for the improvement of the homestead of defendants in constructing thereon a garage and a porch. It was alleged that these items were furnished at the defendants' special instance and request; that defendant Harold Vernon Najarian, to show his good faith, on January 1, 1954, executed a promissory note in the amount of $852.43 payable at the rate of $30 per month with interest at 6 percent per annum; and that defendant paid $90 on the note and defaulted. Relief was

sought for the balance with interest and for such other relief as the court deemed just and equitable.

Defendants alleged that the note was accepted by plaintiff as full payment and that plaintiff thereby waived its right to acquire a lien on the premises; that since plaintiff failed to file its statutory mechanic's lien, all lien rights of plaintiff, if any did exist, have expired. Defendants further alleged that defendant Harold Najarian was adjudicated a bankrupt in the United States District Court, 4th Division, State of Minnesota, and that plaintiff's claim was listed in schedule A-3 of said proceedings as an unsecured creditor and that plaintiff had notice. Defendants finally *prayed that all proceedings under plaintiff's action* be stayed for a period of one year from the date of adjudication and upon discharge in bankruptcy that plaintiff's action be dismissed with prejudice.

Plaintiff's action was not commenced until November 21, 1955. Plaintiff served its notice of motion for summary judgment dated December 29, 1955, demanding relief under Minnesota Rules of Civil Procedure, Rule 56, upon the grounds that the joint answer of the defendants contained no genuine issue of fact pertaining to any defense that would defeat plaintiff's claim; defendants moved for summary judgment claiming no genuine issue existed as to any material fact and therefore defendants were entitled to summary judgment in their favor as a matter of law.

The court below, on January 16, 1956, entered its order denying plaintiff's motion for summary judgment, staying all. proceedings for 12 months from the date of the adjudication. The order provided that after defendant has obtained his discharge in bankruptcy the action may then proceed to trial and further denied all relief prayed for by defendants in their countermotion. From this order only, plaintiff appeals.

Plaintiff asserts that it has a constitutional right to a lien against the homestead of defendants; that accepting a note from the defendants upon the terms it did, only as evidence of the good faith of the defendants in meeting the payment of the indebtedness, is not a bar

to the enforcement of its claim under Minn. Const. art. 1, § 12, which in 1888 was amended as follows:

"* * * *Provided, however,* that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same, and *provided further,* that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed."

Plaintiff claims that it is entitled to perfect its lien under Minn. Const. art. 1, § 12, prior to the discharge in bankruptcy of defendant; that under the various provisions of the Bankruptcy Act, § 67 (11 USCA, § 107), if the state law gives a lien or a priority, it will be recognized; and that nothing contained in the Bankruptcy Act prevents enforcement of plaintiff's right, under the constitutional amendment of 1888, of its lien for debts incurred, for services or materials so furnished in the repair or improvement of defendants' homestead; that the homestead improvements having been requested by defendants and furnished by the plaintiff in good faith within the exceptions of the Bankruptcy Act, § 67, the local law of the place where the property is situated governs as to whether or not there is an enforcible lien.

Plaintiff assigns error as follows: "The Court erred in staying further proceedings in the matter until after respondent Harold Vernon Najarian had obtained his discharge in bankruptcy."

The legal issues to be met are whether the state court, in which plaintiff commenced its action, may, without a hearing on the merits, issue an order that will deprive it as a creditor of the right to perfect its lien against the exempt property of the defendants prior to the discharge in bankruptcy, providing the debt incurred was for work done or materials furnished in the repair or improvement of defendants' homestead and subject to the provisos of Minn. Const. art. 1, § 12, the action brought being one to recover an in personam judgment which the plaintiff may have docketed and imposed as a lien upon the bankrupt's homestead.

Defendants contend that no authority exists by statute or otherwise in Minnesota for establishing that the order of the court below, entered herein for a stay of proceedings, is one from which an appeal may be taken to this court citing Supreme Court Rule VIII(3)(b), (222 Minn. xxxiii), which provides that the statement in appellant's brief concerning the order sought to be reviewed "must make it appear, in cases of appeal, that the order sought to be reviewed is appealable." They further contend that, since it is the duty of the plaintiff to establish its right to appeal, its appeal should be dismissed unless this duty is met.

In face of the stay of proceedings effective until after defendant obtains his discharge in bankruptcy, the remedy of the creditor who has not yet perfected the necessary lien under Minn. Const. art 1, § 12, to support its lien claim is in fact completely destroyed by the discharge in bankruptcy when and if obtained. See, H. E. Westerman Lbr. Co. v. Raschke, 172 Minn. 198, 215 N. W. 197.

■ M. S. A. 605.09 provides that an appeal may be taken to the supreme court by the aggrieved party in the following cases:

"(3) From an order involving the merits of the action or some part thereof;

\*　　\*　　\*　　\*　　\*

"(5) From an order which, in effect, determines the action, and prevents a judgment from which an appeal might be taken;

\*　　\*　　\*　　\*　　\*

"(7) From a final order, affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment."

The question is whether the plaintiff as a creditor being protected on his debt by Minn. Const. art. 1, § 12, as to certain lien rights has been prejudiced by the order entered by the court below. For an order to be appealable under § 605.09(3), which allows an appeal from an order involving the merits, the order must finally determine the action or some positive legal right of the appellants relating thereto. It can hardly be denied that the order appealed from involves the merits of some part of the plaintiff's action if not the

merits of the action itself. Unless plaintiff obtains relief from the order staying the proceedings in the instant case and is permitted to perfect his lien prior to the discharge in bankruptcy, under the rules announced in H. E. Westerman Lbr. Co. v. Raschke, *supra,* his claim would be completely destroyed. Thus whether there exists a right to appeal either under subsection (5) or subsection (7) of the appeal statute need not be considered since it seems apparent that the order is appealable under subsection (3) thereof. It seems clear that plaintiff's rights have been prejudiced to the extent of involving the merits of either the action itself or some part thereof. There is therefore involved, a positive legal right of the plaintiff relating thereto. Chapman v. Dorsey, 230 Minn. 279, 41 N. W. (2d) 438, 16 A. L. R. (2d) 1015; Seeling v. Deposit Bank & Trust Co. 176 Minn. 11, 222 N. W. 295; Peterson v. Darelius, 168 Minn. 365, 210 N. W. 38; In re Jones, 33 Minn. 405, 23 N. W. 835. The order, unless vacated, operates as an adjudication upon the merits and will do so unless plaintiff is permitted to perfect his lien before defendant Najarian is granted his discharge in bankruptcy. While neither party has submitted an identical case in point, we must conclude that the order entered below is, as its provision for a stay of proceedings, operative upon the merits, and therefore an appealable order under § 605.09(3).

■ We must consider the effect of defendants' claim that the note given plaintiff for the debt was accepted as a full payment for any indebtedness for work, labor, service, and materials furnished in the improvement of defendants' homestead and that the plaintiff thereby waived its right to file or claim a lien on the premises. The mere fact that defendant gave his note as evidence of the indebtedness is not on its face material. The liability of this property to seizure and sale for the debt existed from its inception under Minn. Const. art. 1, § 12. The principle involved is the same whether the debt is a lien on specific property, or whether, as in this case, the property is subject to seizure and sale for the debt, for through all the mutations of the evidence of it the debt remained the same, unless it is established that the note taken was in fact taken in absolute pay-

ment of the debt. As stated in Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, the constitutional provisos applicable to the present situation are clearly self-executing and require no legislation to carry them into effect. This court there held that the direct effect of the constitutional provisos was to make property, which is exempt from seizure and sale for other debts, liable to seizure and sale for debts of the kinds enumerated therein to the same extent, and in the same way, as if no exemption law existed. Commenting further this court said that the debt involved may be a lien under some statute, but, so far as the constitution is concerned, debts of the enumerated classes only become liens on a homestead when reduced to judgment and docketed; and then they become liens on the homestead in the same manner as on any other real estate of the debtor. As was said in that case, this is the common practice in this state, and, so far as an examination had carried the court at that time, of every other state having similar constitutional or statutory provisions.

In the Nickerson case the defense contended that the constitutional amendment of 1888 made debts of the specified classes liens *on the otherwise exempt property* and that the only remedy which the legislature had provided as against the homestead was to enforce the lien under the provisions of the mechanic's lien law. It was held therein that the constitution furnishes no basis for any such claim; that it merely provides that the otherwise exempt property shall be subject to seizure and sale for such debts. Mr. Justice Mitchell, speaking for the court, said that (74 Minn. 370, 77 N. W. 293):

"Neither by the constitution nor by any statute is the creditor restricted to any particular form of remedy for the collection of his debt out of the homestead or other exempt property. The constitution leaves him to seize and sell it as he might any other property under the general statutes of the state, which would be by obtaining and docketing an ordinary money judgment, and then selling the property on execution."

In Bagley v. Pennington, 76 Minn. 226, 227, 78 N. W. 1113, 1114, we held that "On the clearest principles, there can be no doubt that such a lien [under the amendment of Minn. Const. art. 1, § 12] can

be acquired as well by levying an attachment as by docketing a judgment." Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L.R.A.(N.S.) 156; Swaney v. Hasara, 164 Minn. 416, 205 N. W. 274; Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078.

Those questions are controlled by the provisions of the constitution. The amount of the exemptions shall be determined by law. The effect of the provisos contained in Minn. Const. art 1, § 12, was to place exempt property upon the same basis, as to liability for debts of the owner incurred in its improvement or repair, as other property. Therefore, as to the class of debts mentioned therein, there is no exemption at all.

Two remedies are open to the creditor, either to proceed in compliance with the mechanic's lien statute or to proceed under Minn. Const. art. 1, § 12, to obtain and docket his judgment under the methods available, the lien then becoming effective through the judgment obtained immediately upon the docketing thereof. The creditor may in his action to recover for the payment of labor and material for which the homestead is liable set forth all the facts in the complaint so that it may appear of record that the homestead is subject to the payment of the judgment if recovered. The judgment may be enforced by special execution and, even though the judgment record may not disclose that the particular property is liable for its payment, that fact may be established by extrinsic evidence on application for a special writ of execution, or other proceedings, if and when the right to resort to the land or the homestead is asserted.

Since the amendment to the constitution in 1888, homesteads are subject to mechanic's liens to the same extent as other real estate.[1]

---

[1]Curran v. Nash, 224 Minn. 571, 29 N. W. (2d) 436, 174 A. L. R. 411; Anderson v. Johnson, 208 Minn. 152, 293 N. W. 131; In re Estate of Peterson, 198 Minn. 45, 268 N. W. 707; Landy v. Martin, 193 Minn. 252, 258 N. W. 573; Aase v. Langston, 175 Minn. 161, 220 N. W. 421; Gale v. Hopkins, 165 Minn. 177, 206 N. W. 164; Hasey v. McMullen, supra; Lindberg v. Johnson, 93 Minn. 267, 101 N. W. 74; Nickerson v. Crawford, supra.

■  The authorities indicate that the owner may waive his homestead right in all or any part of his homestead by some act evidencing an unequivocal intention to do so.

"Every lien against the property of a person obtained by * * * legal or equitable process or proceedings" is made subject to nullification where the requirements of the Bankruptcy Act, § 67(a), (11 USCA, § 107[a]), are otherwise fulfilled. Liens that result from judicial proceedings under the Bankruptcy Act are: Liens by attachment, judgment, levy of execution, garnishment, and creditor's bill. Common types of statutory liens which may be contrasted under the act are: Employees' liens; contractors', materialmen's, and mechanics' liens; landlords' liens; liens for taxes and debts owing to the sovereign authority. 4 Collier, Bankruptcy (14 ed.) par. 67.12.

The intent has thus been clearly expressed by Congress that the subdivision into which former §§ 67(c) and 67(f) have been merged shall be given very wide scope. Courts have rather uniformly construed the phrases "liens obtained through legal proceedings" and "lien created by or obtained in or pursuant to any suit or proceeding at law or in equity" in a very liberal manner. Section 67(a) of the Bankruptcy Act invalidates a judicial lien obtained within four months before the filing of a petition in bankruptcy (a) if at the time the lien was obtained the debtor was insolvent, or (b) if the lien was sought and permitted in fraud of the act.

Section 67(b) of the Bankruptcy Act preserves statutory liens not affected by § 67(c), even though they arise or are perfected while the debtor is insolvent and within four months of bankruptcy. Section 67(b) permits perfection of such liens after bankruptcy.

A lien unenforcible because not perfected under the local statute does not become viable merely by virtue of the debtor's precipitation into bankruptcy. A statutory lien, such as a mechanic's lien may be perfected, notwithstanding the pendency of bankruptcy proceedings. See, 4 Collier, Bankruptcy (14 ed.) par. 67.12.

A statutory requirement that an inchoate lien shall cease unless proceedings in court be commenced within a limited period does not convert such a lien, perfected in the statutory manner within

four months of bankruptcy, into a lien acquired by judicial proceedings, as defined in, and subject to nullification, under § 67(a) of the act.

It has uniformly been held that mechanic's liens are not liens obtained in or pursuant to the judicial proceedings dealt with in § 67(a) of the Bankruptcy Act, notwithstanding statutory requirements with respect to filing of notice and institution of suit to preserve and enforce such claims. Accordingly, both under pre-existing law and the Bankruptcy Act of 1938 the validity of a mechanic's lien is unimpaired by the sole fact that the lien is inchoate, if there is perfection of the lien through the filing of notice, or the institution of proceedings to enforce the lien, within four months of the bankruptcy of the debtor. Nor are such liens apt to be fraudulent encumbrances within the condemnation of § 67(d) although acquired during the debtor's insolvency. Such liens were consequently sustained even under the act of 1898 either because nowhere invalidated or because embraced within the saving language or purport of § 67(d). 4 Collier, Bankruptcy (14 ed.) par. 67.22.

■ The applicable lien law of a state is determinative of the validity and extent of liens in all respects in which the Bankruptcy Act does not specifically and positively provide otherwise.

The requirement that a notice or statement of such lien be filed of record does not have the effect of making the lien one obtainable by legal proceedings and therefore subject to nullification under § 67(a). See, In re Kerby-Dennis Co. (7 Cir.) 95 F. 116; see, also, 4 Collier, Bankruptcy (14 ed.) par. 67.12.

The applicable lien law in the state is thus determinative of priority as among liens placed in the same category by the Bankruptcy Act.

By express reference to "statutory liens in favor of employees, contractors, mechanics, * * * or other classes of persons," § 67(b) of the Bankruptcy Act comprehensively *covers every type of mechanic's lien statute, irrespective of requirements with respect to perfection and enforcement.*

A suit in a nonbankruptcy court to foreclose a mechanic's lien, commenced before a petition in bankruptcy is filed against the debtor, may be prosecuted to judgment without interference from the bankruptcy court. However, an action to enforce such a lien cannot be instituted after the filing of the petition in bankruptcy, or if instituted, cannot be continued without consent of the bankruptcy court. Collier expresses the view that it would seem that a trustee in bankruptcy may not, over proper objection, proceed by summary process to recover property not in the bankrupt's possession against which third parties are asserting mechanic's liens and that notwithstanding the prescription of a single method of enforcement of a mechanic's lien by the statute creating it, the lien may nevertheless be enforced in bankruptcy proceedings.[2] The proper method to perfect a lien after bankruptcy is generally considered in 4 Collier, Bankruptcy (14 ed.) par. 67.26. The author emphasizes that the general rule in bankruptcy is that the filing of the petition freezes the rights of all parties interested in the bankrupt estate. Exceptions only emphasize the rule. Whatever disagreement in opinion there may have been in the matter prior to the Bankruptcy Act of 1938, it was made clear by that act that statutory liens may be valid if they arise before bankruptcy although they are perfected after bankruptcy if the perfection is within the time permitted by and in accordance with the requirements of applicable law, except for the important qualification added by the amendment of 1952 in § 67(c) regarding statutory liens on personalty not accompanied by possession. Subsection (b) of the act, subject to the aforesaid qualification, adopts the theory, however, that the local law should determine the susceptibility of such liens to perfection after bankruptcy. Notice to the bankruptcy court, however, should be adequate in cases where required. A distinction may be drawn between perfecting or enforcing a lien after bankruptcy, as permitted by § 67(b), and continuing or renewing a lien which is fully perfected at bankruptcy.

---

[2] 4 Collier, Bankruptcy (14 ed.) par. 67.22.

Section 67(b) of the act has no application to nonstatutory liens. It furnishes no authority for perfection of any contractual, equitable, or common-law lien after the commencement of bankruptcy proceedings. See, 4 Collier, Bankruptcy (14 ed.) par. 67.26.

It seems clear that the right to obtain a lien against exempt property under the self-executing provisos of Minn. Const. art. 1, § 12, for recovery of payment for work done or materials furnished in the construction, repair, or improvement of the homestead does not come under the classification of liens obtained and perfected by legal proceedings limited to four months preceding the filing of the bankruptcy petition, and while the bankrupt is insolvent, upon property of the bankrupt which is exempt and are nullified by § 67(a) of the act, even though the lien does not come into being until a judgment in personam has been obtained against the debtor and docketed with the clerk. Clearly the local law of the place where the property is situated governs as to whether there is a lien or not. The constitutional provisos being self-executing, if the creditor is entitled to the lien, he may acquire it within the four-month period before the filing of the petition in bankruptcy or he may acquire it afterwards, and if perfected before the discharge in bankruptcy, it becomes effective as a lien pursuant to the constitutional mandate.

In Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. ed. 1061, there was involved the effect of the general exemption of property from levy or sale authorized by Georgia Const. art. 9, § 1, the exemption being "realty, or personalty, or both, to the value in the aggregate of sixteen hundred dollars." By art. 9, § 3, of that constitution, a debtor was vested with power to waive or renounce in writing this right of exemption "except as to wearing apparel and not exceeding three hundred dollars worth of household & kitchen furniture and provisions." The mode of enforcement of that waiver of exemption was provided in Code of Georgia 1895, § 2850. The questions presented and determined in the Lockwood case are determinative in the present proceeding. The court answered the very question involved in the instant case in reversing the judgment of the United States District Court and directing that court to over-

rule the exceptions to the trustee's assignment of homestead and exemption, *and to withhold the discharge of the bankrupt, if he be otherwise entitled thereto, until a reasonable time has elapsed for the excepting creditor to assert, in a state tribunal, his alleged right to subject the exempt property to the satisfaction of his claim.*

In a later decision by the United States Supreme Court in Chicago, B. & Q. R. Co. v. Hall, 229 U. S. 511, 516, 33 S. Ct. 885, 887, 57 L. ed. 1306, 1310, affirming 88 Neb. 20, 128 N. W. 645, the court recognized the rule laid down in the Lockwood case regarding rights acquired in exempt property by contract or by waiver of exemption stating that:

"The liens rendered void by § 67f are those obtained by legal proceedings within four months. The section does not, however, defeat rights in the exempt property acquired by contract or by waiver of the exemption. These may be enforced or foreclosed by judgments obtained even after the petition in bankruptcy was filed, under the principle declared in Lockwood v. Exchange Bank, 190 U. S. 294." See, 3 Remington, Bankruptcy (4 ed.) § 1317.

In the Lockwood case, *supra,* the bankrupt had nothing but exempt property, and the bank held waivers. The bankruptcy court sustained the objections of the bank to the setting apart of the property as exempt in that case and proceeded to administer it to determine rights as between the bankrupt and the bank. The court in the Lockwood case held that this course was not authorized by the act. The rule laid down in that case is so well recognized, over the years, by the lower courts that the citation of later affirmations of the rule is uncalled for.

If an application is made to withhold the bankrupt's discharge to give time to a creditor holding a waiver to assert his right against exempt property in the state court, the bankruptcy court may inquire into the validity of the waiver. It is then only incumbent upon it to ascertain whether a prima facie waiver exists. The proper practice on such an application is to withhold a discharge pending determination in the state courts of the rights of creditors holding waivers. 3 Remington, Bankruptcy (4 ed.) § 1317.

Illustrative cases in Minnesota are H. E. Westerman Lbr. Co. v. Raschke, 172 Minn. 198, 215 N. W. 197; Gregory Co. v. Cale, 115 Minn. 508, 133 N. W. 75, 37 L. R. A. (N. S.) 156; Nadeau v. Ball, 179 Minn. 6, 228 N. W. 168; Keys v. Schultz, 212 Minn. 109, 2 N. W. (2d) 549.

Most of the authorities cited in cases involving the right to liens against the homestead or the creditor's exempt property (see Westerman case) relate to cases where the bankrupt waived his right to exemptions or where the creditor was given access to the exempt property because his claim was for the purchase price. We believe those authorities are appropriate and furnish a reliable guide to our inquiry in the instant case which involves the same principles. Lockwood v. Exchange Bank, *supra,* is controlling and this court so held in the Westerman case.

In the Westerman case this court rendered a homestead available to a creditor against whom it was not exempt in a suit where the bankruptcy court withheld discharge and said (172 Minn. 199, 215 N. W. 198) : "Our constitution gives such a creditor a right which he may protect from destruction by the bankruptcy act. He is required to make application to the bankruptcy court to withhold the discharge until the lien is created." Since a claim for such debts does not amount to a lien upon the homestead under Minn. Const. art. 1, § 12, even though the provision is self-executing, but requires that the lien arising out of such debt must be created either by an attachment, by an acknowledgement filed, by docketing a judgment against the debtor, or by filing a mechanic's lien, therefore in the absence of a lien so established, a discharge in bankruptcy will release the debtor, and the creditor cannot obtain judgment thereon later in order to have the property sold. However, where there is a lien in existence, the discharge destroys only the personal liability of the bankrupt but not the creditor's right to resort to the property subject to the lien. So it is clear that the remedy of a creditor, who has not acquired the necessary lien to support his claim under Minn. Const. art. 1, § 12, is completely destroyed by the discharge in bankruptcy. It is equally clear that the creditor's claim in the case

at bar, as there involved, must be reduced to a lien prior to the discharge of the bankrupt or it is lost. H. E. Westerman Lbr. Co. v. Raschke, *supra,* and cases therein cited.

The rule of exemption as heretofore discussed and established pervades the entire Bankruptcy Act and must be read into every other section and provision thereof. Steele v. Buel (8 Cir.) 104 F. 968; see, In re Boyd (N. D. Iowa) 120 F. 999.

Prior to the amendment of the Minnesota constitution in 1888, it was held that a mechanic or materialman could not acquire a lien on a homestead except by special contract amounting to a waiver of the exemption. It is now provided by Minn. Const. art. 1, § 12, "that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same." The provisos therein have since been held self-executing without legislative action. However, this does not, as has already been said, give a specific lien without some appropriate action taken on the part of the lien claimant and when this is done the debt becomes a lien upon the homestead in the same manner that other debts become liens. The lien of a judgment upon a homestead so acquired may be enforced by execution unaffected by debtor's discharge in bankruptcy. If obtained and docketed before the debtor's discharge, the lien will remain, even though the personal liability of the judgment debtor is thereafter discharged; and such judgment may be enforced by execution against the homestead the same as other property. Keys v. Schultz, *supra;* Nadeau v. Ball, *supra;* H. E. Westerman Lbr. Co. v. Raschke, *supra;* 9 Dunnell, Dig. (3 ed) § 4210.

We come to the conclusion that whether the creditor obtains and perfects his lien under the mechanic's lien statute or under Minn. Const. art. 1, § 12, the form of the lien when so obtained is not affected or controlled by the bankruptcy law and does not come under the classification of liens obtained by judicial proceedings nullified by the Bankruptcy Act, § 67(a). In both instances a right has been fixed as well as a remedy afforded, and it makes no differ-

ence that one choice of method is not dependent on the other. In re Purvis (S. D. Miss.) 293 F. 102.

In In re Hassler (D. Minn.) 204 F. 139, an application was made by the trustee and the attorney for the bankrupt for an order staying an execution sale of the homestead of the bankrupt under judgments docketed December 9, 1912, adjudication of the bankrupt having been made on September 27, 1912. Judgments had been obtained on suits to recover for materials sold for the repair of the bankrupt's homestead and which were so used. It did not appear that a mechanic's lien had been filed pursuant to statute, the creditor relying on Minn. Const. art. 1, § 12. The court held that the debts were not at the time of the adjudication liens upon the property of the bankrupt. The claims had been scheduled by the bankrupt, were provable debts, and stood to be discharged if the bankrupt succeeded in obtaining a discharge before the liens were obtained and docketed under the constitutional provision. The court took the view that under the circumstances, the judgments having been docketed after the adjudication, the attempt on the part of the creditor to enforce the judgment by a sale of the homestead ought to be stayed, and it was ordered that proceedings upon the executions be stayed until 12 months after the date of the adjudication, or, if within that time the bankrupt applied for a discharge, then until after the question of such discharge was determined. The 12-month stay would have expired September 27, 1913. While the order staying the proceedings was entered April 4, 1913, a note following that case states that the court thereafter, on June 30, 1913, vacated its order staying the proceedings in the state court, on the authority of Lockwood v. Exchange Bank, *supra*.

To enable a creditor to obtain a judgment in a state court to enforce his rights, a bankruptcy court will postpone a discharge of a debtor for a reasonable time but will not itself take jurisdiction to administer the exempt property or to enforce claims arising from a waiver of exemptions. Brown Shoe Co. v. Schaefer, 242 Ala. 310, 6 So. (2d) 405. See, Bankruptcy Act, § 6 (exemptions), and § 67(a).

In determining the bankrupt's claim to his exemption, the bankruptcy court is guided by the state exemption statute, and it will be bound by the decisions of the state court of last resort construing that statute. The status as to exemptions is fixed as of the date of the filing of the petition in bankruptcy. See, 40 Va. L. Rev. 87, 88, and cases cited.

While the liens rendered void by § 67(a) of the act are those obtained by legal proceedings within four months, it has nevertheless been the rule since the advent of the Lockwood case, *supra,* that this section does not defeat rights in the exempt property acquired by contract or by waiver of the exemptions. These may always be perfected and enforced in the state courts even after the petition in bankruptcy was filed and thus the right of a bankrupt to void a lien does not extend to a lien waiving the homestead exemption. We conclude, therefore, that likewise it does not extend to plaintiff's constitutional right in this state to obtain and perfect the lien which he seeks against the exempt property of the bankrupt. Such a lien, whether a promissory note has been executed to show good faith of payment thereof or not, when acquired or perfected before discharge, is neither voided by an adjudication in bankruptcy nor destroyed by a discharge therein.

Section 67(a) of the Bankruptcy Act does not affect a lien paramount to the homestead. Any discussion as to insolvency, the four-month period, or other elements of § 67(a) is mere surplusage, *where a waiver lien, or other lien paramount to an exemption claimed and allowed in bankruptcy proceedings, is sought to be enforced in a state proceeding.*[3]

The local law of the place where the property is situated governs as to whether there is a lien or not and whether the property of the bankrupt is subject to a lien is determined by the local law of the place where it is situated, under the Bankruptcy Act. In re Caplan (D. Md.) 23 F. (2d) 680.

Plaintiff, as appellant, upon the record submitted herein, is entitled to a vacation of the stay of proceedings entered by the court

---

[3]See, 40 Va. L. Rev. 93, 94.

below so that it may proceed to a trial on the merits, and, if entitled to recover on its claim, may reduce its claim to a lien against the homestead of defendants prior to a discharge of the debtor bankrupt.[4] The plaintiff, however, will be required to make application to the bankruptcy court to withhold the discharge of the bankrupt until its lien rights have been perfected.

That part of the order of the court below which provided for a stay of proceedings is vacated in its entirety; otherwise the order denying all motions for summary judgment therein stands affirmed.

Affirmed in part, reversed in part.

---

[4]Lockwood v. Exchange Bank, *supra;* In re W. C. Allen & Co. (W. D. Va.) 134 F. 620; In re Brumbaugh (D. Pa.) 128 F. 971.