WAYNE R. SKUTT v. MINNEAPOLIS BASKETBALL CORPORATION.

110 N. W. (2d) 495.

September 8, 1961—No. 38,538.

Ryan, Kain, Mangan, Westphal & Kressel and James J. Moran, for appellant.

Robins, Davis & Lyons, Harding A. Orren, and Lawrence Zelle, for respondent.

PER CURIAM.

In this case an action was brought by plaintiff alleging that he is a stockholder of defendant corporation and that he has wrongfully been denied the right to examine the books and records of the corporation. He seeks damages "in whatever amount the court deems just and fit, together with his costs and disbursements incurred herein" for the deprivation of such right. After commencement of the action, plaintiff moved the trial court for leave to examine the books and records of the corporation in order to prepare for trial. The court granted the motion. Defendant appealed from such order, and plaintiff now moves to dismiss the appeal on the ground that the order is not appealable.

It is defendant's contention that the order is appealable under either Minn. St. 605.09(2) or (3) or both. Paragraph (2) provides that an appeal may be taken "[f]rom an order granting or refusing a provisional remedy, * * *." Paragraph (3) provides that an appeal may be taken "[f]rom an order involving the merits of the action or some part thereof."

It is plaintiff's contention that the order is a nonappealable, interlocutory order. We agree with plaintiff. While the action does involve the question whether plaintiff has been wrongfully deprived of the right as a stockholder to inspect the books and records of the company, the right of inspection here granted is only preliminary to the trial. Aside from the fact that a stockholder is ordinarily entitled to examine the books and records

of a corporation in which he holds stock,[1] it was within the discretionary powers of the trial court here to grant an inspection for discovery purposes in preparing for trial. As such, the order does not come within the provisions of our appeal statute.

Appeal dismissed.

---

[1]Nationwide Corp. v. Northwestern Nat. Life Ins. Co. 251 Minn. 255, 87 N. W. (2d) 671, 73 A. L. R. (2d) 884.