## MORTGAGE ASSOCIATES, INC. v. LELA DUAX.

162 N. W. (2d) 363.

November 8, 1968—No. 41260.

*Henry Levine,* for appellant.

*S. Harry Gainsley* and *Gainsley & Gainsley,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Sheran, JJ.

MURPHY, JUSTICE.

This is an appeal from an order of the district court granting in part defendant's motion for amended findings of fact, conclusions of law, and order for judgment, but denying her motion for a new trial. The issue involves enforcement of a judgment lien by a holder in due course of a promissory note given to evidence an indebtedness arising from repairs and improvements made to the defaulting makers' homestead. The trial court held that under the facts defendant was deprived of the homestead exemption by reason of the provisions of Minn. Const. art. 1, § 12.

Defendant, Lela Duax, and her husband, prior to their divorce, entered into a contract with Royal Aluminum Products, Inc., for certain repair work on their home for a total price, including interest, of $4,507.80, to be paid in installments. The obligation is represented by a note to the contractor-payee signed by the husband and wife. After they signed a completion certificate on August 15, 1963, the note was sold to plaintiff, Mortgage Associates, Inc. Thereafter, defendant and her husband obtained a divorce, in which proceeding the home was awarded to her. After default in payments occurred, suit was instituted against defendant and her ex-husband. When defendant petitioned to be declared a bankrupt and sought to have the home set aside as exempt property, plaintiff obtained a stay of discharge in the bankruptcy proceeding, dismissed its action on the note as to defendant, and instituted the present action to recover the balance on the note and have the judgment declared to be a lien against the homestead. It appears that this procedure effectively preserved plaintiff's right to pursue its lien by judgment and execution against the homestead. Wallace T. Bruce, Inc. v. Najarian, 249 Minn. 99, 81 N. W. (2d) 282; H. E. Westerman Lbr. Co. v. Raschke, 172 Minn. 198, 215 N. W. 197. Plaintiff was granted judgment in the sum of $2,923.83, with interest, and the judgment was decreed to be a specific lien on the improved premises. Thereafter, the judgment was amended to the extent that plaintiff would receive no interest.

Defendant asserts that the trial court was in error in granting a lien against her homestead, contending that whatever rights to a lien the original holder of the note may have had cannot be acquired by plaintiff through assignment. Defendant further argues that considerations of

equity require a reversal since it is claimed that the note was clearly in excess of the reasonable value of the services rendered. It is also contended that should plaintiff not prevail here, it could still pursue its claim against the ex-husband in municipal court; further, that § 12, subjecting the homestead to liability for any debts incurred in the improvement of the property, was intended for the benefit of laborers or servants and not for finance companies.

■ It is unnecessary for us to consider policy matters with reference to established law as it applies to the so-called "constitutional lien." The constitution and laws of the State of Minnesota exempt, with certain exceptions, a person's homestead from seizure and sale because of debts. The power of the legislature to exempt is found in Minn. Const. art. 1, § 12, which provides in part:

"* * * A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law."

The actual exemption is found in the following language of Minn. St. 510.01:

"The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated * * *, shall constitute the homestead of such debtor and his family, and be exempt from seizure or sale * * *."

The exceptions to the homestead exemption are found in Minn. Const. art. 1, § 12:

"* * * [A]ll property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same, and *provided further*, that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed."

The application of these provisions of the law is fully discussed in the comparatively recent case of Wallace T. Bruce, Inc. v. Najarian, *supra*, and it is unnecessary to further expand upon the provisos of § 12, which

are self-executing, other than to point out that with respect to liability for debts of the owner incurred in improvement and repair of the homestead, these provisos place the homestead upon the same basis as other property. Wallace T. Bruce, Inc. v. Najarian, *supra.*

Defendant contends that when the original payee of the note sold and assigned it to plaintiff, it resulted in the loss of any lien right which the contractor-payee may have originally possessed. This contention is not supported by our authorities. We have held that the assignee of a promissory note can enforce a lien against the homestead property in the same manner as a contractor-payee. This principle is articulated in Nickerson v. Crawford, 74 Minn. 366, 370, 77 N. W. 292, 293, where the court, through Mr. Justice Mitchell, said:

"There is nothing in the taking, renewing or discounting defendants' notes for the price of the lumber which at all affects the case. There is no finding of the court, or any claim made, that any of these notes were taken in absolute payment of the debt. Through all the mutations of the evidences of it, the debt remained the same.

"Neither is the fact that some of the renewal notes were, at the direction or with the consent of the plaintiffs, made payable to the bank, at all material. The liability of this property to seizure and sale for this debt existed in favor of plaintiffs' assignees as well as in favor of themselves. [Citations omitted.] The principle involved is the same whether the debt is a lien on specific property, or whether, as in this case, the property is subject to seizure and sale for the debt."

The policy reason for this rule is stated in Langevin v. Bloom, 69 Minn. 22, 23, 71 N. W. 697, 698:

"\* \* \* Unless the vendor can sell the debt accompanied by the privilege or right to levy on the property sold in the hands of the vendee, he does not get the full benefit of the right which the statute gives him. \* \* \* There is no reason in equity why the vendee should hold the property as exempt against process to collect the purchase money in favor of the assignee of the vendor, any more than if the process was in favor of the vendor himself."

We have examined the authorities submitted by defendant in support

of her contentions. Lahti v. Peterson, 175 Minn. 389, 221 N. W. 534; First Nat. Bank v. O'Neil, 176 Minn. 258, 223 N. W. 298; Fletcher v. Scott, 201 Minn. 609, 277 N. W. 270, 114 A. L. R. 762; 25 Minn. L. Rev. 385. It is unnecessary to discuss these authorities other than to say that they refer to collateral contracts relating to home improvements or mechanics lien cases and are therefore distinguishable. See, 9A Dunnell, Dig. (3 ed.) § 4210.

Affirmed.