## EMPIRE FIRE & MARINE INSURANCE COMPANY v. PETE HILL AND ANOTHER.

176 N. W. (2d) 757.

April 24, 1970—No. 41936.

*Jardine, Logan & O'Brien* and *Jon L. Levy*, for appellant.
*Miller & Neary*, for respondents.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

This appeal involves a subrogation action by a workmen's compensation insurer against third-party tortfeasors to recover damages for personal injury sustained by an employee. The action was instituted subsequent to payment by the insurer of compensation benefits to the employee under a settlement of his workmen's compensation claim, and also subsequent to the employee's prior settlement of his independent negligence action

against the tortfeasors. We dismiss the appeal on procedural grounds.

On or about January 15, 1964, the employee, Cyrus Doughty, employed by Cab Line, Inc., as a cabdriver, suffered a work-related injury when a vehicle, driven by defendant Michael Hill and owned by defendant Pete Hill, struck the rear of the cab he was driving. The employee sued defendants in tort for damages and on November 21, 1966, settled his claim for $5,000. Shortly thereafter, on November 30, 1966, the employee, claiming permanent total disability, filed a claim petition against his employer and plaintiff. On February 24, 1967, this claim was settled by the employee and plaintiff for $14,000. Plaintiff then instituted this subrogation tort action under Minn. St. 176.061.

At a pretrial conference, defendants, by oral motion, sought a ruling of the trial court concerning the measure of damages and the limitation of plaintiff's recovery in the event the latter prevailed on the issues of liability and also concerning their claim for a setoff against any recovery for the amount they had already paid to the employee. The trial court ordered that the measure of damages to be applied would be as in a common-law tort action of an employee against a third-party tortfeasor, but that plaintiff's recovery would be restricted to the amount actually due the employee under the Workmen's Compensation Act and that defendants would be entitled to a $5,000 setoff against the damages as found in the common-law action in the event of any award of damages against them. Plaintiff appeals from this order, contending that it is entitled to recover the full amount paid in settlement of the compensation claim upon proof that the settlement was reasonable at the time it was made and that no setoff against any recovery should be allowed because the provisions of the Workmen's Compensation Act do not expressly authorize a setoff under the circumstances of this case.

While the issues sought to be raised upon appeal are novel, we are compelled to hold that the order from which the appeal is taken is not appealable of right. It amounts to no more than a

pretrial order which does not finally dispose of the merits of the action or any part thereof and thus is not appealable of right under Rule 103.03, Rules of Civil Appellate Procedure. If the issue of liability is resolved against plaintiff upon any of the defenses asserted, the question of any limitations upon plaintiff's recovery will not be reached. Moreover, the order of the trial court is only advisory and would not be binding upon the court if the evidence and the procedural developments upon trial required a modification of the court's pretrial ruling. For us to attempt to determine whether there would be any circumstances under which plaintiff could recover from the third-party tortfeasors all, or only a part, of the amount paid in settlement of the compensation claim would require us to assume various hypothetical fact situations. Moreover, the advisory pretrial order does not limit the evidence bearing on damages which either party to the action might submit by proof, or offer of proof, in support of his theories governing the amount of, and limitations upon, recovery in order to preserve and present the issues on appeal. Indeed, the dilemma of the parties revealed by this record could most readily be resolved if procedures for separating the issue of liability and damages to the injured employee from the issue of the limitations upon plaintiff's recovery were employed. Rule 42.02, Rules of Civil Procedure.

Accordingly, we hold that the order appealed from is not appealable of right,[1] and we decline to entertain the questions presented under Rule 105, Rules of Civil Appellate Procedure, because of the hypothetical factual bases required before they could be answered.

Appeal dismissed.

---

[1] Skutt v. Minneapolis Basketball Corp. 261 Minn. 577, 110 N. W. (2d) 495; Wallace T. Bruce, Inc. v. Najarian, 249 Minn. 99, 81 N. W. (2d) 282.