## William E. Ward,

*vs.*

## George Huhn & Co. and H. G. Hicks, Sheriff.

An undivided half of two lots in an incorporated town, city, or village, cannot be held as a homestead exempt from forced sale upon execution.

The setting apart of such undivided half of two lots as a homestead,

in bankruptcy proceedings in the U. S. district court, does not bind or affect the rights of a non-proving judgment creditor of the bankrupt, whose judgment was recovered and docketed before the proceedings in bankruptcy were commenced, and who has not waived or released his lien.

This action was brought in the district court for Hennepin county, to restrain the defendants from selling on execution certain premises claimed by the plaintiff as his homestead.

The complaint alleged that the plaintiff was the owner of an undivided one-half of two lots in Brown & Jackin's addition to Minneapolis, and had owned and occupied said premises as his homestead, residing thereon with his family, for the past seven years.

That on the 22d February, 1868, he had filed a petition in bankruptcy and been duly adjudged a bankrupt, and that the said premises had been set apart to him as a homestead by his assignee in bankruptcy, pursuant to the fourteenth section of the bankrupt act of 1867, of all which proceedings the defendants had due notice.

That the defendant Hicks, as sheriff of Hennepin county, had levied upon said premises by virtue of an execution, issued January 22d, 1869, upon a judgment against the plaintiff and in favor of the defendants Huhn & Co., which judgment was docketed in said county January 18th, 1868, and that the said sheriff had advertised said premises for sale on the 13th March, 1869.

The plaintiff thereupon asked that the said premises be declared to be exempt from the lien of said judgment, that the defendants Huhn & Co. might be restrained by injunction from intermeddling with said premises, and that the defendant Hicks might by preliminary injunction be restrained from proceeding to a sale thereof.

The defendants demurred to the complaint as not stating a cause of action, and the plaintiff appeals to this court from the order of the district court sustaining the demurrer.

E. S. Jones for Appellant.

Shillock & Jerome for Respondents.

*By the Court*—Berry, J.—The plaintiff claims to hold the undivided half of two town lots exempt from the lien of a judgment in favor of defendants, Huhn & Co., and from execution sale upon such judgment by defendant Hicks as sheriff. An important question raised is whether our statute exempts a homestead consisting of the undivided half of two lots in an incorporated town, city or village. The statute reads in this wise: " That a homestead consisting of  *  *  a quantity of land, not exceeding in amount one lot, being within an incorporated town, city or village, shall not be subject to" judgment liens or execution sales.

The general rule is that all the property of a debtor is applicable to the payment of his debts. The effect of the exemption laws is to create exceptions to this general rule, so that a debtor, claiming an exemption of any portion of his property, must bring himself strictly within the terms of the law allowing exemptions, otherwise the general rule must take its course. In other words, it is for the debtor to put his finger upon the provision of statute, which, by its terms, withdraws the property claimed from the operation of the general rule referred to. Whatever might be thought of the propriety of extending the exemption law, so that it would include property other than such as is now exempted, in order fully to carry out the legitimate purpose of such law and the constitutional provision relating thereto, it is

not for this court to do by construction what should be done by legislation. The homestead law should be fairly, perhaps liberally, interpreted, but must not be strained. And, interpreting in accordance with these rules the provision involved in this case, the plaintiff's position cannot be sustained. An undivided half of two entire lots is not a *quantity* of land not exceeding in amount one lot. It is rather an interest or estate in a quantity of land exceeding in amount one lot, and, therefore, we think it is not covered by the terms of the statute, and is not exempted.

The plaintiff further alleges in his complaint that, subsequent to the time when the defendants' judgment was rendered and docketed, he was adjudged a bankrupt by the United States district court, and that, under the proceedings in bankruptcy and by virtue of the fourteenth section of the Bankruptcy Act, said undivided one-half of said lots was duly set apart to him as his homestead, of all which defendants had due notice. Upon these allegations the plaintiff claims that his right to hold said undivided half of said two lots is *res adjudicata*, binding upon the defendants.

By the provisions of sec. 20 of the Bankrupt Act, a creditor, holding a lien upon the property of the bankrupt for the securing of the payment of a debt, is not required to prove the same against the bankrupt's estate; indeed he cannot prove it without a release of his lien. He may, if he chooses, rely upon his lien, rather than take his chance of obtaining payment in the distribution of the bankrupt's assets. If he does not prove his debt, the discharge of the bankrupt does not operate to discharge the lien, nor the debt, at least so far as it is covered by the lien. And so far as the lien is concerned, it seems to be entirely unaffected by the proceedings in bankruptcy. The non-proving cred-

itor's rights under his lien are unchanged, and, as to them, he stands where he stood before any proceedings in bankruptcy were had. And whatever may be the effect of the setting apart of a homestead by the assignee upon the rights of the bankrupt and the proving creditors, it must, as to a non-proving creditor holding a lien upon the premises so set apart, be held to be set apart subject to such lien. And if this be so, there is no reason why such non-proving creditor should not be permitted to assert or to defend his rights in and to the property, upon which he claims his lien, in a state court; nor do we perceive any reasonable ground for contending that such setting apart of a homestead is conclusive upon such debtor or decisive upon the validity of his lien as *res adjudicata.*

It not appearing, then, that the defendants in this instance proved their debt or released or waived their lien, and *the plaintiff not being entitled to hold the premises in question exempt,* and the judgment having become a lien as appears by the complaint before the proceedings in bankruptcy were instituted, we are of opinion that the court below was right in sustaining the defendants' demurrer to the complaint. The relief prayed for was a judgment declaring the premises exempt and enjoining the defendants from intermeddling with the same, together with a preliminary injunction forbidding the threatened sale upon execution, and for this relief the complaint failed to state a case.

The order sustaining the demurrer is affirmed.