JAMES LINDBERG v. NELS JOHNSON.[1]

November 4, 1904.

Nos. 14,098—(29).

**Exemption from Execution.**

> Article 1, § 12, of our state constitution, relating to exemptions, construed, and *held*, that any real estate of a debtor, including his homestead, is liable to be sold on execution for the payment of any debt incurred to any laborer or servant for labor or services; and, further, that such liability extends to a debt incurred by a copartnership of which the debtor is a member for such labor or services.

Action in the district court for St. Louis county to vacate an execution sale to defendant of plaintiff's homestead. The case was tried before Dibell, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendant appealed. Reversed and judgment ordered for defendant.

*John Jenswold, Jr.,* and *S. H. Eckman,* for appellant.

*I. Grettum,* for respondent.

START, C. J.

On December 17, 1901, Alexander Peterson duly recovered in the municipal court of the city of Duluth, a judgment for $149.63 against James Lindberg, the plaintiff herein, and his partner, John Sundquist, for work and labor performed prior to the year 1897 by him as a laborer for them as partners in their business of scavengers. A transcript of the judgment was duly filed in the office of the clerk of the district court of the county of St. Louis, and the judgment docketed

[1] Reported in 101 N. W. 74.

therein. Thereafter, and on June 9, 1902, the land described in the complaint herein, which was the homestead of the plaintiff, was by virtue of an execution issued on such judgment sold to the defendant herein to pay the judgment. The usual sheriff's certificate of sale was made and delivered to the purchaser at the sale, and it was duly recorded. This action was brought to set aside such sale and certificate on the ground that the homestead was exempt from seizure and sale for such debt. The trial court awarded judgment for the relief prayed for by the plaintiff, from which the defendant appealed.

The sole question presented by the record for our decision is whether such homestead was so exempt. The solution of the question depends upon the construction to be given to so much of article 1, § 12, of our state constitution as reads as follows:

> A reasonable amount of property shall be exempt from seizure or sale, for the payment of any debt or liability; the amount of such exemption shall be determined by law. [Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same; and provided further that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed.]

The provisos we have inclosed in brackets were added to the original section by an amendment adopted in 1888. Before this amendment was made, the homestead of the debtor was exempt from seizure and sale on execution for the payment of any debt or liability. Counsel for the plaintiff contends that this amendment makes the homestead liable for seizure and sale only for debts incurred to any person for work done and material furnished in the construction, repair, or improvement of the same; and, further, that the homestead is not so liable for any debt incurred to any laborer or servant for labor or services performed. We must take the constitution as it reads, when its language is plain and unambiguous, for it is the mandate of the sovereign power. State v. Sutton, 63 Minn. 147, 65 N. W. 262.

The construction contended for gives no effect to the second proviso. It is to be noted that the first proviso declares that all property (whether real or personal) shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair, or improvement of the same. And, further, that the second proviso deals with a limited class of property and persons; that is, with real property and laborers. It declares such liability to seizure and sale shall also extend to all real property (not to personal property) for any debt incurred to any laborer or servant for labor or services performed.

It is perfectly obvious from the two provisos, when construed together, and effect given to the language of each, that they make all property, whether real or personal, liable for seizure and sale for any debt incurred to any person for work or materials furnished in the construction, repair, or improvement thereof, and all real property so liable for any debt incurred to any laborer or servant for labor or services performed not necessarily thereon, but generally. If, by construction, we should add the word "thereon" after the word "performed," the second proviso would serve no purpose, for the first proviso makes all property liable for all debts for work and materials done or used thereon. This necessarily includes real property and debts due to laborers.

The legislature, in proposing this amendment, and the people in adopting it, evidently appreciated the justice of making all property liable for work and materials which enhance its value; also that "the laborer is worthy of his hire"; and that justice requires that those who are freeholders should hold their real estate, even if a homestead, subject to the payment of the wages of their laborers and servants. On the other hand, it was evidently deemed to be unwise to extend such liability to personal property otherwise exempt, because to do so would result in great hardship and oppression, for the possession of a limited number of articles of personal property is absolutely necessary to every family.

We therefore hold that a homestead is liable to be sold on execution for any debt incurred to any laborer or servant for labor or services. Such was the decision of the trial court, but it sustained the further contention of the plaintiff's counsel that a homestead is not liable for

the payment of a debt incurred by the owner thereof as a member of a copartnership. And yet the language of the constitution is that all real property shall be liable for any debt incurred to any laborer or servant for labor or services performed. It is true, homestead exemptions are to be liberally construed for the benefit of the debtor and his family, but the express constitutional exception to such exemption for the benefit of the wage-earner and his family must also be liberally construed. In neither case is the benefit to be defeated by any strict construction or refinement of legal reasoning.

The wages of the laborer in this case was a debt against the plaintiff, although his partner was jointly liable therefor with him. This debt was certainly incurred to a laborer for his labor, and we see no reason why it is not within the letter and spirit of the constitution. If it be not so, then if two persons are individually conducting a similar business the homestead of each is liable for the payment of the wages of his laborers, but if they form a copartnership, and unite the business of each and retain the laborers of both, the homestead of each is exempt from all liability for the payment of the wages of their laborers. Any construction which would result in such an unjust discrimination against the laborers employed by a copartnership cannot be accepted unless the language of the constitution admits of no other reasonable construction. We are of the opinion, and so hold, that the words "any debt incurred to any laborer or servant for labor or service performed" necessarily include all debts, whether incurred by the debtor as an individual or as a member of a copartnership.

It follows that the plaintiff's homestead was not exempt from seizure and sale on execution for the payment of the judgment here in question, and that the judgment appealed from must be reversed, and the case remanded, with direction to the district court to amend its conclusions of law and cause judgment to be entered for the defendant dismissing the action on its merits.

So ordered.