# J. J. BENNING AND ANOTHER v. MARCUS A. HESSLER.[1]

January 9, 1920.

No. 21,532.

**Judgment by confession — homestead exemption.**

A statement in a confession of judgment, upon a promissory note given for borrowed money, waiving defendant's right and benefit of the law exempting property from sale on execution, does not subject defendant's homestead to levy under execution issued upon such judgment.

Action in the district court for Clay county to annul the stipulations contained in a confession of judgment and that the sale of a homestead thereunder be declared to be contrary to public policy and void. The case was tried before Fesler, J., who made findings and as conclusions of law found that the sale and sheriff's certificate of sale were null and void. From an order denying his motion for amended findings or for a new trial, defendant appealed. Affirmed.

*Christian G. Dosland* and *James A. Garrity,* for appellant.
*James M. Witherow,* for respondents.

QUINN, J.

On November 2, 1917, defendant obtained judgment against the plaintiffs, by confession, upon two promissory notes which he held against them. The judgment and execution issued thereon contain the following statements:

"We, Rose A. Benning and J. J. Benning, both of the city of Moorhead, Clay County, Minnesota, hereby confess ourselves indebted to Marcus A. Hessler of the city of Moorhead, Clay County, Minnesota, in the sum of one thousand two hundred nine and 5/100 ($1,209.05) dollars and authorize the clerk of the District Court in and for the said County of Clay to enter judgment against us and each of us and in favor of Marcus A. Hessler for the sum of $1,209.06.

"We further waive the right and benefit of any law of this or any other

[1]Reported in 175 N. W. 682.

state exempting property, real or personal, from sale on judgment execution."

The defendant procured an execution upon such judgment and placed it in the hands of the sheriff, who levied upon the east two-thirds of lots 4 and 5 of block 58 of the city of Moorhead, which the plaintiffs then occupied as their homestead. Such proceedings were thereafter had that the sheriff sold said homestead under such execution and on January 5, 1918, issued a certificate of sale thereof to the defendant for $1,246.86, the amount of such judgment and costs, which certificate was recorded in the office of the register of deeds of the county on January 9, 1918, at page 391 of book 74 of deeds.

It is alleged in the complaint that the premises in question were the homestead of plaintiffs; that defendant's attorney induced them to sign a confession of judgment containing a statement waiving, in form, all rights of exemption held by them; that on the same day defendant caused judgment to be entered, execution to issue and a levy thereunder to be made upon the homestead of plaintiffs, and a sale thereof to be had under such execution and a sheriff's certificate of sale to issue to him therefor. The complaint also contains a prayer that the statement of waiver in the confession of judgment be annulled and that the sale be declared void and of no effect. The answer admits that the defendant procured the confession of judgment containing the waiver clause, for the purpose of protecting defendant, and to secure a judgment which would be a lien upon plaintiffs' homestead, and admits the levy, sale and issuance and recording of the sheriff's certificate of sale upon such judgment. At the trial the complaint was amended, under objection, as to certain claims of fraud with reference to the procuring of the confession of judgment, and thereafter defendant objected to the reception of any evidence thereunder because of the insufficiency of the pleading. As stated by the learned trial judge, we are unable to see how defendant's rights could be prejudiced thereby, as the decision upon that issue was in favor of the defendant. Stripped of all early history, the pleadings, when considered as a whole, may be said to contain but one question for consideration, and that is: Whether the confession of judgment was such as to subject the homestead to levy under the execution for this particular debt.

Under section 6957, G. S. 1913, the homestead of a debtor and his

family is exempt from seizure and sale under legal process on account of any debt not lawfully charged thereon in writing. Does the confession of judgment charge this debt on the property sold? We think not. The waiver contained in the confession binds no specific property. It does not purport to be a charge upon property. It is in terms but a waiver. It describes nothing and creates a lien upon nothing. It cannot be said that the debt sued upon is a charge in writing on the premises in question. It does not subject the homestead to a levy under the execution.

Affirmed.