## FRED E. GALE AND ANOTHER v. RITA HOPKINS AND OTHERS.[1]

December 4, 1925.

No. 24,464.

**Mechanics' liens.**

1. Mechanics' liens extend to all the interest and title of the owner in the premises improved, not exceeding one acre if within the limits of an incorporated city or village.

**Homestead subject to such liens.**

2. Since the amendment to the Constitution in 1888 homesteads are subject to mechanics' liens.

[1]Reported in 206 N. W. 164.

**Such liens may be filed for erection of second dwelling on homestead.**
    3. Marking off and grading a part of the homestead and erecting
a second dwelling house thereon does not operate as a waiver of the
homestead right in such tract, but constitutes an improvement of the
homestead for which mechanics' liens may be filed against it.

    1.  See Mechanics Liens, 27 Cyc. p. 223.
    2.  See Homesteads, 29 C. J. p. 869, § 224; Mechanics Liens, 27
        Cyc. p. 27.
    3.  See Mechanics Liens, 27 Cyc. p. 27.

    2, 3.  See note in L. R. A. 1918D, 1055; 18 R. C. L. p. 888; 3 R. C. L.
        Supp. pp. 869, 870.

Action in the district court for Hennepin county to foreclose me-
chanics' liens. The case was tried before Waite, J., who ordered
judgment as stated in the first paragraph of the opinion. Defend-
ant Hopkins appealed from the judgment. Affirmed.

*E. Luther Melin,* for appellant.

*O. A. Brecke, S. N. Nichols* and *Seth Lundquist,* for respondents.

TAYLOR, C.

This is an appeal by Rita Hopkins from a judgment enforcing
mechanics' liens against her homestead, consisting of two lots sit-
uated at the corner of Wentworth avenue and Forty-fifth street in
the city of Minneapolis. The lots have a frontage of 75 feet on
Wentworth avenue and are 132 feet in length along Forty-fifth
street. The dwelling house in which she resides is located on the
front part of the lots. In 1922, she set stakes marking the line be-
tween the front 90 feet and the rear 42 feet of the lots and graded
the rear 42 feet and erected a second dwelling house thereon facing
Forty-fifth street. Sixteen mechanics' liens were filed for labor and
material furnished in constructing this second house. Four of the
liens were filed against the two lots as an entirety; twelve of them
against only the rear 42 feet of the lots. The court decreed that the
rear 42 feet should be sold and that all the liens should be paid out
of the proceeds thereof, if sufficient for that purpose. The court

further decreed that in case such proceeds were not sufficient to pay the liens in full they should be applied upon all the liens pro rata, and that the front 90 feet should then be sold to pay the balance due on the four liens filed against the two lots as an entirety.

The amount and validity of the liens and the regularity of the proceedings are conceded, and the only question raised upon this appeal is whether the front 90 feet of the lots were subject to a lien for improvements made upon the rear 42 feet thereof. It is stipulated that the judgment is not questioned so far as it relates to the rear 42 feet of the lots and to the rights of the lien claimants against the same.

The proposition upon which appellant predicates her claim that the front 90 feet of the lots were not subject to the liens is stated in her briefs thus:

"A person living in a house upon two lots in the city which is that person's homestead could, we contend, cut off a portion of said homestead site for improvement and confine the bills for said improvements to the said portion so set aside without encumbering the remainder of the homestead site."

And she contends that constructing the second house in the manner above stated operated so to set aside the rear 42 feet of the lots.

The statute provides that mechanics' liens shall extend to all the interest and title of the owner in and to the premises improved, not exceeding one acre if within the limits of an incorporated city or village. G. S. 1923, § 8492. The lien extends to the entire tract if it does not exceed the prescribed area. If the entire tract is larger than the prescribed area, a tract not exceeding that area and including the improvements must be carved out of the larger tract. Since the amendment to the Constitution in 1888 homesteads are subject to mechanics' liens to the same extent as other real estate. Nickerson v. Crawford, 74 Minn. 366, 77 N. W. 292, 73 Am. St. 354; Cumbey v. Lovett, 76 Minn. 227, 79 N. W. 99; Lindberg v. Johnson, 93 Minn. 267, 101 N. W. 74; Hasey v. McMullen, 109 Minn. 332, 123 N. W. 1078.

Assuming that appellant could divide her homestead into two parcels and, by relinquishing her homestead rights in one of such parcels, could give it the status of a separate tract distinct from and not connected with the homestead, yet what she did in the present case cannot be construed as bringing about any such result. It did not amount to a relinquishment of her homestead rights in either parcel. The only facts claimed as a basis for her contention are those above stated and the further fact that the permits, issued by the building inspector for the construction of the building, specified the rear 42 feet of the lots as the site upon which it was to be erected.

There is no limitation upon the uses to which a homestead may be put except that it must be occupied as a home. If the owner occupies it as his home, constructing other buildings upon it for rent, or using parts of it for business purposes, does not impair or affect his homestead right. Jacoby v. Parkland Distilling Co. 41 Minn. 227, 43 N. W. 52; Phelps v. Northern Trust Co. 70 Minn. 546, .73 N. W. 842; Lockey v. Lockey, 112 Minn. 512, 128 N. W. 833; Stauning v. Crookston Merc. Co. 134 Minn. 478, 159 N. W. 788; Benning v. Hessler, 144 Minn. 403, 175 N. W. 682; Bacon v. Mirau, 148 Minn. 268, 181 N. W. 579. In the Phelps case, the owner of an 80-acre homestead platted a row of lots along the shore of Lake Minnetonka and sold a part of them. It was held that the unsold lots remained a part of his homestead. In the Lockey case, the owner constructed four tenements upon the same tract in the city of St. Paul, in one of which he resided with his family, and it was held that the homestead included all of them. In the Stauning case, the owner had a store building on one-half of the lot in the rear of which he resided and also had a dwelling house on the other half of the lot which he rented, and it was held that his homestead included both. In the Benning case, it was held that a confession of judgment which contained a waiver of the benefit of exemption laws did not waive the homestead right.

The question has usually arisen in cases where general creditors have sought to reach a part of the homestead on the ground that

the owner, by using it for some purpose other than his residence, had waived his homestead right in such part. But any use of the property or action of the owner which would terminate the homestead right therein would render it subject to seizure by general creditors. The owner may, doubtless, waive his homestead right in all or a part of his homestead, but only by some act evidencing an unequivocal intention to do so. The presumption is against any such waiver, and merely devoting a part of the tract to some purpose other than that of a residence is not sufficient to operate as such under our statutes. Under our statutes the erection of the building in question was merely an improvement of the homestead, and the liens in dispute extended to the entire tract.

Judgment affirmed.