## GUST LAHTI v. RICHARD PETERSON AND OTHERS.[1]

October 12, 1928.

No. 27,087.

**Former judgment was recovered on plaintiff's collateral agreement to pay wages.**

1. The decision in the prior action, Peterson v. Parviainen, 174 Minn. 297, 219 N. W. 180, establishes the fact that the judgment therein against Gust Lahti, the present plaintiff, was recovered upon a collateral contract made by him with one Parviainen, the employer of the laborers whose claims for wages are now sought to be enforced against Lahti's homestead, and that Lahti was not the master or employer of the laborers.

**Owner's homestead is not liable for his debts to laborers or servants, unless he was their employer.**

2. The constitutional provision making the homestead liable to seizure and sale for any debt incurred to a laborer or servant has reference to the relation of master and servant or employer and employe, and makes the homestead of the master or employer liable for debts incurred by him to his laborers and servants. It does not create liability against the homestead of one who is not the master or employer of the laborer or servant, although he has by some collateral contract or agreement with the employer made himself liable for the payment of the debt.

Homesteads, 29 C. J. § 224 p. 869 n. 90.

Appeal by defendants, Richard Peterson, M. E. Louisell, his attorney, and Frank L. Magie as sheriff, from an order of the district

[1]Reported in 221 N. W. 534.

court for St. Louis county, Magney, J. restraining them from levying upon and selling plaintiff's homestead on execution sale. Affirmed.

M. E. Louisell and Toivonen & Harri, for appellants.

Gran & Maki, for respondent.

OLSEN, C.

Plaintiff brings this action to enjoin the defendants from selling his homestead on execution sale upon a judgment in favor of defendant Peterson and against this plaintiff and two others. The court granted a temporary injunction, and defendants appeal from the order granting same.

The judgment in question was before this court and was affirmed by decision reported in 174 Minn. 297, 219 N. W. 180. That action was brought by Richard Peterson, as plaintiff, against Andrew Parviainen, Andrew Jarvi and Gust Lahti, and is referred to for a more particular statement of the issues and facts. It is sufficient here to say that the action was brought to recover for wages due plaintiff and other laborers, who had assigned their claims to plaintiff; that such wages were owing for labor performed for Andrew Parviainen in and about a sawmill owned and operated by him; that Parviainen had entered into a written contract with Andrew Jarvi and Gust Lahti, copartners as Jarvi & Lahti, to manufacture timber into lath for them, and was operating his sawmill under that contract; that Parviainen was to furnish the labor and do the sawing at a stated sum per thousand lath; that Jarvi & Lahti reserved the right to pay labor claims direct to prevent liens; that afterwards the written contract was modified by parol to the extent that Jarvi & Lahti agreed to pay all labor claims and charge the same against Parviainen in his account; that this agreement by them to pay for the labor was made known to these laborers to induce them to continue to work, and such promise was also made direct to Peterson and some of the others. Some of the laborers, when seeking employment, were directed by Jarvi & Lahti to apply for employment at the sawmill. All hiring was done by Parviainen, and the laborers were his servants and employes and under his control. Judgment was recovered against Jarvi & Lahti on the

claim and theory that the contract between them and Parviainen had been modified as stated, such modification being denied by them. That such was the issue on which the decision was based, and that recovery was upheld under the rule that where, under circumstances as here shown, persons for whose benefit a contract between others is made may recover thereon, is clearly shown by the decision. The trial court charged that a direct promise by Jarvi & Lahti to the laborers to pay the claims was not necessary. This was assigned as error. This court said [174 Minn. 301]:

"However, an agreement between Parviainen and Jarvi (representing the partnership) that these labor claims would be paid by the firm was sufficient under the facts in this case even without direct notice or promise to the laborers. They were persons for whose benefit the contract was made and had a right of action on it. They had a legal or equitable claim to the benefit of the promise." Citing authorities.

It is clear therefore that recovery was sustained in that action on the ground that defendants Jarvi & Lahti were liable because of their contract with Parviainen, as modified; that these laborers were employes of Parviainen and he was primarily liable, and that Jarvi & Lahti were also liable because they had contracted with Parviainen to pay these labor claims.

1. Defendants in the present action contend that recovery was had in the prior case on the direct promise of Jarvi & Lahti to the laborers to pay their wages, and that in effect the laborers performed labor and services for them; that Jarvi & Lahti, as well as Parviainen, were the employers of these laborers; hence the judgment is one for labor and services performed for them and collectible out of their homesteads. This claim is disposed of adversely by the record in the former action, as already pointed out. Lahti's liability was not for labor and services performed for him, but upon his contract to pay the debts of Parviainen.

2. Defendants contend next that, as the recovery was primarily based on labor and services performed, therefore the constitutional provision, art. 1, § 12, providing that "all property so exempted

shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair, or improvement of the same; and provided further, that such liability to seizure and sale shall also extend to all real property for any debt incurred to any laborer or servant for labor or service performed," makes the homestead of Lahti liable to execution sale upon the judgment recovered; that, where a judgment is recovered by a laborer or servant for labor or service performed for someone, the homestead of any judgment debtor therein is liable to seizure and sale under such judgment, although he was held liable only because he was a surety or guarantor of the debt, or because of some collateral contract with the employer.

We do not so construe the constitutional provision. The homestead exemption law of this state has always received a liberal construction in favor of the homestead owner, as evidencing a public policy of the state to preserve to the owner a home and place of habitation. This does not permit any deviation from or limitation of any clear constitutional provision making the homestead liable, nor any forced construction thereof. On the other hand, it does not require any extension of such constitutional provision beyond its clear meaning and intent. It seems quite clear that the constitutional provision making all real property subject to seizure and sale for any debt incurred to any laborer or servant for labor or service performed necessarily refers to the relation of employer and employe between the owner of the real estate and the laborer or servant. It cannot mean of course that the real estate of some third person, not an employer of the laborer or servant, is liable to such seizure and sale. Clearly, it means that the real estate of the employer or employers of the laborer or servant, for whom the labor or service is performed, shall be liable therefor, and not the real estate of anyone else. Here Parviainen was the employer for whom the services were performed, and his real estate, including his homestead, was liable to seizure and sale under the judgment. Gust Lahti, the present plaintiff, was not an employer of these laborers, and his homestead was not liable to seizure and sale under the judgment.

No authorities directly in point on the facts have been called to our attention. The case of Lindberg v. Johnson, 93 Minn. 267, 101 N. W. 74, holding that a laborer, employed by a partnership and performing labor for the partners in their partnership business, may enforce his claim for labor against the homestead of either or both partners, has some relevancy here. The court there stated [at p. 269] that the legislature, in proposing the constitutional amendment, and the people in adopting it, evidently appreciated "that justice requires that those who are freeholders should hold their real estate, even if a homestead, subject to the payment of the wages of their laborers and servants." "Their laborers and servants" clearly refers to their employes.

Order affirmed.