In the Matter of the GUARDIANSHIP OF Francis Sadie HUESMAN.

Zenas BAER, Petitioner, Respondent,

v.

Robert HUESMAN and Gary Huesman, Appellants.

No. CX–85–1580.

Court of Appeals of Minnesota.

Feb. 11, 1986.

Thomas C. Utter, Minneapolis, for respondent.

Douglas Geeslin, Moorhead, for appellants.

Considered and decided by WOZNIAK, P.J., and FORSBERG, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellants Robert and Gary Huesman appeal from a judgment that awarded respondent Zenas Baer a $25,678 lien against their farm. Appellants contend that the trial court erred in determining that the farm is not their homestead. We affirm as modified.

## FACTS

The Huesman brothers first hired attorney Zenas Baer to prosecute their claim to a 190 acre farm of their mother, Francis Sadie Huesman. Her guardian sought to have the farm sold to pay for her care but the Huesman brothers claimed that she had

orally agreed to give them the farm if they moved to the farm and worked there. The trial court denied the brothers' claim to the entire farm, but awarded them the farmhouse and ten acres of land in satisfaction of their claim.

Baer agreed to represent the Huesman brothers on their first appeal under the terms of the following contingent fee agreement:

. I hereby employ and appoint the law firm of WEFELD & BAER, to represent us in the settlement, adjustment, and appeal of our claim arising out of the court's Order to sell the land owned by Francis Sadie Huesman in Clay County, legally described as:

The S½ of SE¼, and the NE¼ of the, SE¼, Section 30, Township 141, Range 46, Clay County, and

The W½ of the NW¼, of Section 32, Township 141, Range 46W, Clay County, Minnesota.

and agree to pay to Wefeld & Baer, as compensation for their services, one-third (⅓) of the appraised value of any amount recovered as a result of this appeal, or as the result of any new trial ordered. We hereby assign to Wefeld & Baer that portion of any such recovery as fees and such amount shall become a lien against any property we may own.

This court reversed and remanded the case because the trial court did not set forth the legal basis for the award and because several of the court's findings were either clearly erroneous or unsupported by the record. *In re Guardianship of Huesman,* 354 N.W.2d 860 (Minn.Ct. App.1984).

Baer then negotiated a settlement with the guardian whereby the brothers conveyed 70 acres of the farm to the guardianship by quit claim deed and the guardian conveyed the remaining 120 acres, including the house and buildings, to the brothers. The settlement was incorporated in an order filed January 30, 1985.

When efforts to collect his fee proved unsuccessful, Baer filed a Petition to Enforce Attorney's Lien; at a subsequent hearing, both brothers testified that when they signed the contingent fee agreement, Baer did not tell them that he could foreclose the lien and sell their property.

The trial court found that through the "excellent service and the astuteness of able counsel," the Huesman brothers were the owners of a 120 acre farm worth $75,-000 more than the ten acre plot they had before the appeal. The court found that the farm was "not the homestead of either Robert or Gary Huesman, at any time during these proceedings," and that by signing the contingent fee agreement, the brothers had waived any homestead exemption in favor of Baer's lien. Finally, the court found that Baer could enforce his lien through foreclosure proceedings. Judgment for Baer was entered in the amount of $25,678 (⅓ of the value of the property gained plus costs).

## ISSUES

1. Did the trial court err in determining that appellants' property was not a homestead?

2. Did appellants unequivocally intend to waive their right to claim a homestead exemption when they signed a contingent fee agreement?

3. What portion of appellant's property is exempt?

## ANALYSIS

1. The homestead exemption is a constitutional right in Minnesota:

A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law.

Minn. Const. art. 1, § 12. "Homestead" is defined in Minn.Stat. § 510.01:

The house owned and occupied by a debtor as his dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and his family, and be ex-

empt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants.

Minn.Stat. § 510.01 (1984).

■ The test to be used in determining whether property is "owned and occupied" by a debtor is:

> whether the ownership and occupancy affords a community connection of such significance as to give reason to believe that the preservation of that connection will in the long run make the debtor and his family better able to fulfill their social obligation to be self-sustaining.

*Denzer v. Prenderqast*, 267 Minn. 212, 218, 126 N.W.2d 440, 444 (1964). That portion of section 510.01 defining a homestead has been liberally construed and its exceptions narrowly defined. *Id.; see Northwestern National Bank of South St. Paul v. Kroll*, 306 N.W.2d 104, 105 (Minn.1981). This is due to the constitutional roots of the homestead exemption and the "strong social policy of securing the home against the uncertainties and misfortunes of life." *Title Insurance Co. of Minnesota v. Agora Leases, Inc.*, 320 N.W.2d 884, 885 (Minn.1982).

Here the trial court initially denied the Huesman brothers' claim to the entire farm but awarded them a ten acre parcel "as a satisfaction in full * * *." *In re Huesman*, 354 N.W.2d at 862. This court reversed the award only because it was based on contradictory findings and the trial court did not articulate a legal theory for the award. Our opinion suggested that the doctrine of part performance applied to the facts of this case. *Id.* at 864. The parties subsequently settled the case without formally adjudicating the validity of the brothers' equitable interest.

When Baer brought a petition to collect his fee, the trial court found that the property was not the homestead of either Robert or Gary Huesman "at any time during these proceedings." This finding may be reversed if it is clearly erroneous. Minn.R. Civ.P. 52.01 (1985).

■ Robert Huesman has lived and worked on the farm since at least 1956; Gary since 1970. The subsequent settlement of the case reflects the Huesman brothers' substantial equitable interest in the property. Any interest in land, whether legal or equitable, is "ownership" for the purposes of a homestead exemption. Minn.Stat. § 510.04 (1984). The trial court erred when it found that the brothers could not assert a homestead exemption.

■ 2. The owner of a homestead may waive his homestead rights, even though they be constitutional rights, by an act which evidences an unequivocal intention to do so. *Argonaut Insurance Co. v. Cooper*, 261 N.W.2d 743, 744 (Minn.1978). In *Cooper* the parties entered into a general indemnity agreement that included a specific waiver of a homestead exemption and a list of assets. *Id.* at 743. The supreme court held that "[a]ll of the surrounding facts here constitute an unequivocal intention to waive any and all exemption rights * * *." *Id.* at 745.

In *Benning v. Hessler*, 144 Minn. 403, 175 N.W. 682 (1920), a confession of judgment provided for a waiver of "the right and benefit of any law * * * exempting property * * * from sale on judgment execution." *Id.* at 403–404. The supreme court found that the debtor's property was exempt:

> The waiver contained in the confession binds no specific property. It does not purport to be a charge upon property. It is in terms but a waiver. It describes nothing and creates a lien upon nothing. It cannot be said that the debt sued upon is a charge in writing on the premises in question. It does not subject the homestead to a levy under the execution.

*Id.* at 405, 175 N.W. at 683.

The resolution of this issue turns on the interpretation of the written contingent fee agreement. The interpretation of written documents is a matter of law, and we need give no deference to the findings of the

trial court. *Ploog v. Ogilvie,* 309 N.W.2d 49, 53 (Minn.1981).

 The contingent fee agreement here did not include an express waiver of the homestead exemption as in *Cooper.* The agreement does include the legal description of the disputed land, but that description also includes property that the Huesman brothers do not now own. The phrase "any property we may own" does not specifically refer to any particular property. *Benning* 144 Minn. at 405, 175 N.W. at 683. Neither does the agreement clearly provide that Baer's fee would be a lien against any property that the brothers acquired in the future.

The Huesman brothers gave unrefuted testimony that Baer did not explain to them that a lien against the farm could result in foreclosure and sale.

The trial court's finding that the brothers had "waived" their homestead exemption was not supported by the record. Neither the language of the contingent fee agreement nor the testimonial evidence showed the brothers had the requisite unequivocal intention to waive their homestead rights. *Cooper,* 261 N.W.2d at 744.

3. A rural homestead "may include any quantity of land not exceeding 80 acres * * *." Minn.Stat. § 510.02 (1984). Here each brother, as a tenant-in-common, has an undivided one-half interest in the entire 120 acre farm. The Huesman brothers contend that they can each assert separate homestead exemptions over different 80 acre portions of their property, thereby exempting the entire 120 acres from Baer's lien.

In *Ward v. Huhn,* 16 Minn. 159 (Gil. 142) (1870) the supreme court rejected a contention that an undivided one-half interest in two lots was exempt as a homestead (the urban homestead exemption is limited to one lot; Minn.Stat. § 510.02). The supreme court has held that "neither legal nor equitable principles favor enlarging the homestead exemption over that expressly provided in Minn.Stat. § 510.02." *Agora Leases, Inc.,* 320 N.W.2d at 885.

 The homestead exemption does not extend to that portion of a debtor's land that exceeds the statutory limit. *Id.; see O'Brien v. Kreuz,* 36 Minn. 136, 30 N.W. 458 (1886). The Huesman brothers may only assert a homestead exemption on 80 acres of their farm. Minn.Stat. § 510.-02.

An attorney's lien cannot attach to exempt property. *Northwestern National Bank of South St. Paul v. Kroll,* 306 N.W.2d 104 (Minn.1981). Baer is entitled to a lien on a 40 acre parcel that does not include the buildings. *See* Minn.Stat. § 510.01 (1984).

## DECISION

The trial court erred in determining that appellants could not assert a homestead exemption or had waived their homestead rights. The court correctly concluded that respondent was entitled to a lien, but that lien may only attach to a 40 acre portion of appellants' property.

Affirmed as modified.