**Dennis LUNA, et al., Appellants,**

v.

**Steven J. EDEL, Respondent.**

**No. CX–87–1325.**

Court of Appeals of Minnesota.

Jan. 5, 1988.

Review Denied March 23, 1988.

Daniel J. Roth, Minneapolis, for appellants.

Dean S. Grau, James W. Bianco, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and FOLEY and LANSING, JJ.

## OPINION

CRIPPEN, Judge.

Appellants, having obtained a lien against respondent's homestead for work performed on another property, appeal the trial court's release of the lien.

## FACTS

Appellants, Dennis Luna, David Luna, and Ralph Luna, Jr., remodeled and refurbished respondent Steven Edel's building in Mason City, Iowa. The work of appellants, necessary because of fire damage to the premises, was completed in 1979, and appellants submitted a bill for 765 hours work by each man at the agreed rate of $6 per hour. The workers alleged they were paid only $250 of the total, leaving due the total sum of $13,520 plus interest.

Appellants brought suit against Edel in Iowa for payment for the services rendered. They filed a petition, the equivalent of a complaint in Minnesota, claiming that the parties entered into an oral contract of employment for services consisting of labor for the remodeling and refurbishing.

On March 2, 1984, the Iowa trial court ordered default judgment for appellants, finding that respondent had been served with sufficient notice but failed to plead or appear. The court ordered judgment for appellants in the amounts claimed, plus interest from the date of completion of the contract.

On October 29, 1985, the judgment was docketed in Hennepin County and appellants began collection efforts. In 1987, respondent moved for release from appellant's lien on his homestead, located in Minneapolis. By affidavit, respondent stated that he lived in his home since its purchase in 1982. He also stated that he had sold his house and expected to close shortly, but if the lien was not released from his homestead he probably would not receive enough proceeds to pay off the existing mortgage and contract for deed, and the sale would fall through.

Respondent argued at the hearing that the judgment obtained by appellants was not for "labor and services," and therefore did not fall under the statutory and constitutional exceptions under Minn.Stat. § 510.01 (1986) and Minn. Const. art. 1, § 12, to the general rule that a debtor's home is exempt from seizure or sale for payment of a debt.

The trial court granted respondent's motion for release from the lien, and denied the motion for attorney fees. In its memorandum, the court stated the general rule that a debtor's homestead is exempt from the claims of creditors, with an exception for a debt to a laborer or servant for labor or service performed. The court then explained that appellants had not shown that the nature of their work for respondents fell under this exception to the rule, because appellants had not shown whether they were employees or independent contractors, or whether their labor was manual, as the law requires.

The judgment creditors, Dennis Luna, David Luna, and Ralph Luna, Jr. appeal. Respondent withdraws his request for attorney fees.

### ISSUES

1. Did the trial court err in finding that appellants' work for respondent did not fall under the "labor and services" exception to the homestead exemption?

2. Should the case be decided under Minnesota law?

3. Does the sale of respondent's homestead render the lien issue moot?

### ANALYSIS

■ 1. a. The determination of what type of work appellants performed within the meaning of the constitution and the applicable statute is normally a question of fact that depends upon the circumstances of each case. *Fletcher v. Scott*, 201 Minn. 609, 615–16, 277 N.W. 270, 273 (1938). In reviewing questions of fact, trial court findings should not be set aside unless they are clearly erroneous. Minn.R.Civ.P. 52.01.

The constitutional provision at issue here states in part:

> A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law. Provided, however, that all property so exempted shall be liable to seizure and sale for any debts incurred to any person for work done or materials furnished in the construction, repair or improvement of the same, and provided further, that *such liability to seizure and sale shall also extend to all real property for any debt to any laborer or servant for labor or service performed.*

Minn. Const. art. 1, § 12 (emphasis added). The exemption is specifically extended to a debtor's homestead and its exceptions are similarly defined in Minn.Stat. § 510.01:

> The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount hereinafter limited and defined, shall constitute the homestead of such debtor and the debtor's family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, *or for services performed by laborers or servants.*

Minn.Stat. § 510.01 (1986) (emphasis added).

■ The Minnesota Supreme Court has interpreted the constitutional provision to mean that a lien may be obtained on the debtor's homestead for "any debt incurred to any laborer or servant for labor or services performed not necessarily thereon, but generally." *Lindberg v. Peterson*, 93 Minn. 267, 269, 101 N.W. 74, 75 (1904). Therefore it was proper for appellants to obtain a lien against respondent's homestead although the labor for which they seek compensation was performed on a different piece of real property than the homestead. *See id.*

■ The homestead exemption law is liberally construed in favor of the homeowner, and therefore the exception for laborers is narrowly interpreted. *Id.* at 270, 101 N.W. at 75. The question whether appellants fall under the statutory or constitutional exception to the homestead exemption hinges on the definition of "laborer." The trial court stated that only *manual* laborers are covered by the exception and that appellants failed to show whether their labor was manual. Laborers are defined as "those whose services [are] manual or menial." *Fletcher*, 201 Minn. at 613, 277 N.W. at 272 (1938) (holding automobile salesman creditor not laborer within statute's meaning). *Fletcher* recognizes that all persons

> who earn compensation by labor or work of any kind, whether of the head or hands, including judges, lawyers, bankers, merchants, officers of corporations and the like, are in some sense 'laboring men.'

*Id.* (citation omitted). However, "laborer" in the statute relating to liens for labor

performed does not refer to "white collar" employees. *See id.* at 615, 277 N.W. at 273. Clearly, a laborer is a blue collar, manual worker.

■ It is not disputed that the services appellants performed for respondent consisted of $6 per hour work done in remodeling and refurbishing a building damaged by fire. This is not descriptive of work done by an architect or other white collar professional. It was clearly erroneous for the trial court to find appellant's services were not manual labor.

b. The supreme court has spoken of employees when observing that servants are those who do manual labor or menial tasks. *See Fletcher,* 201 Minn. at 613, 277 N.W. at 272. We do not read in this declaration of law a distinction denying benefits of the exception to manual labors technically classified as independent contractors. *Fletcher* dealt with issues on varying tasks of workers, not an issue comparing employees with any other kinds of laborers. Appellants are entitled to the benefit of the law as long as they did the work on respondent's property. It is clear here that appellants themselves did the remodeling and refurbishing. Therefore, their claim falls under the "labor or services" exception in the statute and constitution.

c. The labor exception also requires that the laborer's claim be for "labor or service performed," not for materials or merchandise. Minn. Const. art. 1, § 12; Minn.Stat. § 510.01; *Fletcher,* 201 Minn. at 615, 277 N.W.2d at 273. In this case appellants' complaint asked for hourly wages only for each of the three men.

■ 2. Respondent notes that appellants could not have obtained a lien on his homestead if it were located in Iowa, because Iowa has a homestead exemption statute but no exception for labor or services. We are here concerned with a Minnesota enforcement procedure, Minnesota property, and a Minnesota exemption for that property. Thus, we apply Minnesota law on the exception to the exemption.

3. The issue on appeal is not moot, notwithstanding the sale of respondent's homestead. The lien was not properly discharged. The fact that the property was sold does not make the lien more or less legally valid. It does create a change of circumstances and the potential for further conflicts resulting from this litigation. This possibility does not free us from the obligation to determine the law governing the validity of the lien.

## DECISION

Appellants' remodeling and refurbishing services performed for respondent in Iowa are "labor" falling under the statutory and constitutional exception to the homestead exemption from liens. The decision of the trial court discharging the lien on respondent's former homestead is reversed.

Reversed.

FOLEY, J., dissenting.

FOLEY, Judge (dissenting).

I respectfully dissent for several reasons. An independent contractor who performs labor for a debtor is not entitled to assert a lien against the debtor's homestead through the exception to the homestead exemption. Only *employees* of the debtor may obtain a lien against the debtor's homestead. *Fletcher v. Scott,* 201 Minn. 609, 277 N.W. 270 (1938).

Furthermore, I disagree with the majority's application of the law of *Fletcher* to the facts of this case. The Minnesota Supreme Court has consistently held that the homestead exemption should be liberally construed in favor of the debtor. *Lindberg v. Peterson,* 93 Minn. 267, 101 N.W. 74 (1904). The court has also held that the exceptions to this exemption must be narrowly defined. *Northwestern National Bank of South St. Paul v. Kroll,* 306 N.W. 2d 104 (Minn.1981).

The "laborer and servant" exception to the homestead exemption was construed by the Minnesota Supreme Court in *Fletcher.* The court addressed the meaning of the phrase "laborer and servant" and concluded that the only laborers and servants who may benefit from the exception are employees of the judgment debtor. *Id.* 201 Minn.

at 612, 277 N.W. at 271. The court further narrowed this exception by holding that not all employees were included in it. *Id.* at 612–13, 277 N.W. at 271–72. Only employees who perform manual or menial labor were entitled to avoid the homestead exemption. *Id.* at 613, 277 N.W. at 272.

Therefore, in order for appellants to hold respondent's former homestead liable for the debts, they must show that they performed labor as employees of respondent and their labor was menial in nature. There is no dispute that appellants performed labor or services for respondent. However, the trial court stated, and I agree, appellants failed to show the nature of the work they actually performed. In light of the policy of narrowly construing the exception and broadly construing the exemption in favor of debtors, there must be evidence concerning the nature of appellants' work before it can be considered manual or menial. There is no such evidence in the record. All that is known is appellants each performed 756 hours of services in connection with remodeling or refurbishing a fire damaged business that is located in Iowa and owned by respondent.

The majority concludes that since services performed by appellants related to remodeling, they were clearly "labor" and clearly "manual." That may be true. However, there is no evidence to support that finding and this court should not speculate as to the facts. It may also be true that one appellant labored menially while another supervised the project. Are both men's services, then, clearly "manual"? Because there is no evidence in the record to determine the nature of each appellant's work, I would affirm the trial court.

Furthermore, I would affirm the trial court because there is no evidence in the record of whether appellants were "employees" of respondent or merely "independent contractors." Their status must be determined with reference to the relation of master and servant or employer and employee. *Lahti v. Peterson,* 175 Minn. 389, 221 N.W. 534 (1928). Whether appellants were employees of respondent or

merely independent contractors is a question of fact. *Fletcher,* 201 Minn. at 615–16, 277 N.W. at 273. This question of fact is to be determined by consideration of several factors:

1. "(2) In determining whether one acting for another is a servant or an independent contractor, the following matters of fact, among others, are considered:

"(a) *the extent of control* which, by the agreement, the master may exercise over the *details* of the work;

"(b) whether or not the one employed is engaged in a *distinct* occupation or business;

"(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a *specialist without supervision;*

"(d) the *skill* required in the particular occupation;

"(e) whether the employer or the workman supplies the *instrumentalities,* tools, and the *place* of work for the person doing the work;

"(f) the length of time for which the person is employed;

"(g) the method of payment, whether by the time or by the job;

"(h) whether or not the work is a part of the regular business of the employer; and

"(i) whether or not the *parties believe* they are creating the relationship of master and servant."

*Boland v. Morrill,* 270 Minn. 86, 91–92 n. 1, 132 N.W.2d 711, 715 n. 1 (1965).

The trial court stated in its memorandum attached to its order that appellants had not offered sufficient evidence to make this determination. After reviewing the record, it is clear that no evidence was offered concerning the parties' relationship. This court should not speculate as to the actual nature of the parties' working relationship, particularly when there is no evidence in the record whatsoever. Appellants' bald assertion that they were employed by respondent is not conclusive proof that appel-

lants were respondent's employees and not simply independent contractors.

The lien should not be reinstated on respondent's former homestead because appellants failed to show their services were *manual* and performed by appellants as *employees* of respondent.

Appellants argue that the res judicata effect of the Iowa default judgment precludes respondent from relitigating the issue of manual labor because the judgment was for their labor performed. However, in the findings of fact of the Iowa default judgment, the court states that the money judgment is "for services rendered" by appellants. The court did not determine whether appellants' services were "labor" within the meaning of Minn.Stat. § 510.01 (1986) or Minn. Const. art. I, § 12, and the Iowa proceeding did not decide the issue of whether appellants were independent contractors or employees of respondent. Indeed, there would be no reason for the Iowa court to have decided either of these matters. They are questions of fact that have not been litigated and are not determined by the res judicata effect of the Iowa default judgment.

I would affirm.